STONE *v.* YOST.

1. GUARDIAN' AND WARD—PETITION FOR TERMINATION—MOTION TO DISMISS—HEARING—PLEADING.

In passing upon issues raised by a motion to dismiss petition filed in probate court·for termination of guardianship, made before hearing on the merits, all well-pleaded material allegations in the petition must be accepted by the court ·as true.

2. APPEAL AND ERROR—MOTION TO DISMISS PETITION—HEARING— RELIEF.

On appeal from order·granting motion to dismiss petition for termination of guardianship, made without a hearing on the merits of the petition, the Supreme Court does not hear the matter on· the merits nor can it grant plaintiff affirmative relief.

3. SAME—QUESTIONS REVIEWABLE..

The Supreme Court does not consider matter as to whom should be served with process on petition for commitment of an individual as an insane person where petitioner, who was the sole presumptive heir at law at· time petition was filed, died before hearing on petition, where although the point had been argued in the Supreme Court it had not been argued in either the probate court or the circuit court.

4. GUARDIAN AND WARD—INSANE PERSONS—HEARING ON APPOINT-
MENT—GUARDIAN AD LITEM.

It is not necessary that a guardian *ad litem* be appointed for a
person, previously declared to have been a mentally incompe-
tent person, for the hearing for the appointment of the gen-
eral guardian.

5. SAME—MENTAL COMPETENCY—EVIDENCE.

The nature of the testimony that must be offered to prove in-
competency is not set forth in the statute relative to appoint-
ment of guardians (Act No. 288, chap. 3, § 2, Pub. Acts 1939).

6. APPEAL     AND     ERROR—SUPPLEMENTAL     RECORD—CERTIFICATE—
STIPULATION—QUESTIONS REVIEWABLE.

Stipulation of counsel in supplemental record not certified to by
trial judge cannot be considered by the Supreme Court as a
part of the record (Court Rules No. 65, § 5, No. 66, § 14,
No. 69, § 1 [1945]).

7. SAME—SUPPLEMENTAL RECORD—PURPOSE OF CERTIFICATE OF TRIAL
JUDGE.

The purpose of requiring a certificate of the trial judge before a
supplemental record can be considered by the Supreme Court
is to prevent a review on matters not presented to the trial
court for its consideration (Court Rules No. 65, § 5, No. 66,
§ 14, No. 69, § 1 [1945]).

8. SAME—SUPPLEMENTAL · RECORD—CERTIFICATE OF TRIAL JUDGE—
STIPULATION.

A stipulation by counsel is not a substitute for the certificate to
a supplemental record by the trial judge, required by the court
rules (Court Rules No. 65, § 5, No. 66, § 14, No. 69, § 1
[1945]).

9. GUARDIAN AND WARD—PETITION FOR TERMINATION—MOTION TO
DISMISS—EVIDENCE OF INCOMPETENCY—FIDUCIARY'S CONFLICT OF
INTEREST.

Where petition for termination of guardianship alleged (1) that
sole ground for finding petitioner mentally incompetent at
hearing on appointment of guardian was a void adjudica-
tion of insanity in previous commitment proceedings and
(2) that the guardian has financial interests at conflict with
the interests of the ward, it was error to grant motion to dis-
miss before hearing on the merits of such petition on the
ground that the petition was a collateral attack or because
of pending probate proceeding to have petitioner adjudicated
mentally competent, since well-pleaded allegations are taken
as true on such motion to dismiss.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 4, 1947. (Docket No. 23, Calendar No. 43,740.) Decided December 3, 1947.

In the matter of the estate of Mildred M. Stone, mentally incompetent. Mildred M. Stone filed her petition for removal of guardian and to require guardian to turn her property over to her. Petition denied. Plaintiff appealed to circuit court. Appeal dismissed. Plaintiff appeals. Reversed and remanded.

*Fred P. Geib* (*Clem H. Block,* of counsel), for plaintiff.

*Clare J. Hall* (*Sigmund S. Zamierowski,* of counsel), for defendant guardian.

REID, J. Plaintiff Mildren M. Stone in 1946 filed her petition in probate court for the termination of the guardianship which had been established over her as a mentally incompetent person, praying:

1. That the court order said guardian to turn over to her all of her property in his custody;

2. That in lieu thereof the court require the guardian to turn over to her a reasonable sum of money to enable her to live comfortably, procure a wardrobe, provide an attorney fee, meet dental and medical expenses;

3. That the guardian be required to file a final accounting and turn over all of her property to her;

4. That in default of such relief, an order to show cause be issued by said court directing the guardian to appear and show cause why her respective prayers should not be granted and why he should not resign.

The probate court heard this matter on a motion by the defendant to dismiss the petition. There was

no hearing on the merits and hence all well-pleaded material allegations in the petition must have been accepted by the court as true. The probate judge entered an order dismissing the petition on the grounds "that the petition seeks to attack by collateral proceedings lawful orders of the probate court; that the petition does not allege facts to support the charge that said guardian is disqualified by reason of adverse interests from acting as guardian herein, and that said petition does not present any triable issue of fact."

From that order granting the motion to dismiss plaintiff appealed to the circuit court, where the matter seems to have again been heard as a motion to dismiss the petition. An order was entered in the circuit court that the appeal, and the petition of the plaintiff, be dismissed, the reasons given being that the petition was, in effect, a collateral attack upon the order of the probate court appointing a guardian, and that since the petition was filed in probate court the plaintiff had filed therein a petition to be declared mentally competent which, if granted, would terminate the guardianship. Again, there was no hearing on the merits, and it follows that all well-pleaded material allegations in the petition must have been taken as true.

On this appeal we do not hear this matter on the merits, nor can we grant plaintiff affirmative relief.

On February 24, 1942, plaintiff was adjudged insane and was committed for treatment to the Kalamazoo State hospital. She was released on May 31, 1946 by order of the Kalamazoo circuit court on a writ of habeas corpus because of defects in the proceedings for her commitment.

On April 29, 1942, Margaret Buss, the mother of Mildred Stone, plaintiff, petitioned for the appointment of Oliver P. Yost, the brother of petitioner

Margaret Buss, to be guardian of petitioner's daughter, Mildred Stone. The hearing was set for May 19, 1942. On May 5, 1942, Margaret Buss made a will, by which will she changed a substantial and absolute devise which had appeared in her former will in favor of Mildred Stone and made the devise to be for life use only, devising the remainder interest to Oliver P. Yost (later appointed guardian) and his sister. The next day, May 6, 1942, Margaret Buss died.

On May 19, 1942, the probate court proceeded to hear the petition of Margaret Buss, there apparently being present in probate court no person interested in said matter but Oliver P. Yost, who was appointed guardian.

Plaintiff raises the point that upon the death of Margaret Buss, the sole heir at law, other persons became the presumptive heirs at law of the alleged incompetent and should have been served with process. This point was argued upon the hearing in this Court, although it was not raised in probate court nor upon appeal in circuit court and we do not consider the point under those circumstances.

The statute, 2 Comp. Laws 1929, §§ 6886–6888, as amended by Act No. 104, Pub. Acts 1937, Act No. 142, Pub. Acts 1939, and Act No. 299, Pub. Acts 1941 (Comp. Laws Supp. 1942, §§ 6886–1—6888, Stat. Ann. 1942 Cum. Supp. §§ 14.809—14.811), sets forth in detail certain things which must be done and what showing must be made before commitment of a person to the State hospital as an insane person is authorized.

It is to be noted that while plaintiff raises the question that the appointment of her general guardian occurred without a guardian *ad litem* being appointed for her, such appointment is mentioned in 2 Comp. Laws 1929, § 6894, as amended by Act No.

299, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 6894, Stat. Ann. 1946 Cum. Supp. § 14.817), in a proceeding instituted by the prosecuting attorney for the purpose of reimbursement to the State for expenses of State hospitalization; also, in certain other proceedings subsequent to the appointment of a general guardian. No guardian *ad litem* was necessary to be appointed for the hearing for the appointment of the general guardian.

There is no statement in the statute, Act No. 288, chap. 3, § 2, Pub. Acts 1939 (Comp. Laws Supp. 1940 § 16289-3 [2], Stat. Ann. 1943 Rev. § 27.3178 [202]), as to the nature of the testimony that must be offered to prove incompetency.

Among other matters in her petition, plaintiff alleges that the finding on the part of the judge of probate of plaintiff's mental incompetency was based solely on the void adjudication of insanity in the proceeding for her commitment to the State hospital. That such commitment was in fact the sole ground for such later finding of incompetency does not appear in the order appointing the guardian nor among the matters certified by the trial judge, but in the plaintiff's petition only; yet the motion to dismiss admits the truth of the allegation at least for the purposes of the motion. The motion to dismiss likewise admits the allegation that the appointed guardian has financial interests at conflict with the interests of his ward.

The record is not properly supplemented by a stipulation as to certain matters printed in appellant's brief but not certified by the trial judge. These cannot be considered here as a part of the record. The purpose of the provisions in Court Rules No. 65, § 5, No. 66, § 14, and No. 69, § 1 (1945), regarding the necessity for the certificate of the trial judge before a supplemental record can be con-

sidered here, is to prevent a review on matters not presented to the trial court for its consideration. A stipulation by counsel is not a substitute for the certificate required by the court rules.

The lower court should not have granted the motion to dismiss the petition on either the ground of collateral attack or on the ground that there was pending in probate court a petition to adjudicate plaintiff to be mentally competent. The order appealed from, of dismissal of plaintiff's petition, is reversed. The case is remanded to the circuit court with instructions to remand it to the probate court to proceed with a hearing of the petition on the merits. Costs to plaintiff.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.