STEGGLES v. NATIONAL DISCOUNT CORPORATION.

1. Appeal and Error—Interlocutory Order—Leave of Court—Motion to Dismiss.
    Objection that defendant took an appeal from an interlocutory order without first obtaining leave of court comes too late where first made in plaintiff's brief on appeal, no motion to dismiss the appeal having been made.

2. Equity—Adequacy of Remedy at Law.
    The test of equitable jurisdiction is not whether there is an alternative remedy at law, but whether the remedy at law is as adequate, complete and certain as the relief in equity.

3. Fraud — Constructive Fraud — Automobiles — Certificate of Title—Possession—Liens.
    Finance company was guilty of constructive fraud where it refrained from having its lien set forth on certificate of title of an automobile and allowing the dealer, either through design or carelessness, to secure possession of the certificate of

REFERENCES FOR POINTS IN HEADNOTES
[2, 5]  19 Am Jur, Equity, §§ 29, 41; 100 et seq.
[3]  23 Am Jur, Fraud and Deceit, § 50; 46 Am Jur, Sales, § 88.
[5]  19 Am Jur, Equity, §§ 77–83, 110; 24 Am Jur, Fraud and Deceit, § 189.
[6, 8]  28 Am Jur, Injunctions, §§ 20, 21.
[7]  28 Am Jur, Injunctions, § 35.

title and perpetrate fraud upon plaintiff by representing there were no liens against the car and showing him the certificate of title.

4. EQUITY—ADEQUACY OF REMEDY AT LAW—MULTIPLICITY OF SUITS —AUTOMOBILES—CERTIFICATE OF TITLE.

There was jurisdiction in equity in suit against automobile dealer and finance company, where dealer had represented to plaintiff there were no liens against title which was in its possession and accepted payment in full and finance company which repossessed the car had permitted dealer to have possession of the title, since plaintiff's remedy of replevin against finance company was uncertain and incomplete and since he might have been relegated to a second action against the dealer for the fraud, resulting in a multiplicity of suits.

5. SAME—FRAUD—ADEQUACY OF REMEDY AT LAW—MULTIPLICITY OF SUITS.

Equity will entertain jurisdiction to relieve from fraud, notwithstanding the law would afford relief, either by action or defense, where such remedy would be doubtful, incomplete or otherwise inadequate, and to prevent a multiplicity of suits.

6. INJUNCTION—HEARING—PRESERVATION OF STATUS QUO.

Mandatory injunctions are seldom granted prior to the hearing of the case and then only in the most exceptional cases when required to preserve the *status quo.*

7. SAME—DISCRETION OF COURT.

Whether or not a mandatory injunction will be granted is largely a matter of discretion of the trial court.

8. SAME—HEARING—PRESERVATION OF STATUS QUO.

Generally, a mandatory injunction will be granted prior to a hearing where it is essential to the preservation of the *status quo,* a serious inconvenience and loss would result to plaintiff and there would be no great loss to defendant.

9. SAME—RETURN OF CAR—HEARING—DISPOSAL OF CAR—INSURANCE.

Where plaintiff had fully paid defendant dealer for car and taken lawful possession thereof without proper notice of the rights of defendant finance company and latter could have made proper demand for the car or payment and brought replevin to obtain possession of the car instead of using fraud as alleged in bill for mandatory injunction for return of car, and plaintiff is deprived of use of car that is continually being

depreciated in value by mere passage of time, and finance company is protected by order forbidding plaintiff from either disposing of or mortgaging the car and requiring him to insure car for benefit of finance company as well as himself pending outcome of case, a proper case for relief before hearing on merits is made out.

10. SAME—PRESERVATION OF STATUS QUO.

The *status quo* which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status preceding the pending controversy and equity will not permit a wrongdoer to shelter himself behind a suddenly or secretly changed status effected just before equity's arm actually reached him.

11. COSTS—INJUNCTION—PARTIAL RELIEF.

Where parties to suit for preliminary injunction have only partly prevailed, no costs will be allowed.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 7, 1949. (Docket No. 6, Calendar No. 44,401.) Decided October 10, 1949.

Bill by Joseph Edgar Steggles against National Discount Corporation and another for mandatory injunction requiring return of car. From order granting injunction *pendente lite* defendant appeals. Affirmed.

*Norris A. Porter,* for plaintiff.

*Louis Rosenzweig,* for defendant National Discount Corporation.

BUTZEL, J. Plaintiff, Joseph Edgar Steggles, brought suit in equity against the National Discount Corporation, a finance company, and United Used Cars, Inc., a dealer in used cars, as defendants, all of Detroit. The defendants will be referred to herein respectively as the finance company and the dealer. In his bill of complaint, the plaintiff alleged that

on November 5, 1948, he purchased from the dealer a 1947 Ford sedan, and paid therefor $825 in cash in addition to the transfer of a 1942 Pontiac sedan to the dealer; that when he asked for the title to the 1947 Ford sedan, the dealer told him to return in 5 days; that when he returned he examined the title, copied the serial numbers for insurance purposes, and on the following day, he received the certificate of title, signed the application for a new title running to himself, and returned the certificate of title to the dealer to be forwarded to the Secretary of State. He further alleged that the dealer represented that there were no liens against the car; that on November 19, 1948, by trickery on the part of the finance company, he was induced to bring the car to the office of the dealer, where an agent of the finance company, who, at that time representing himself to be in the employ of the State, stated that there was a mortgage of $1,290 on the car, but if he would return on the evening of November 22, 1948, the certificate of title would be ready for him; that he went back on said day, but was told again to return at a later date, but when he went to get his car, he found that the finance company had seized it to satisfy a mortgage on it; that he demanded the return of the car or else his money and the car he had traded in but was informed that the finance company also held a mortgage on the 1942 Pontiac sedan he had traded in.

The finance company in a sworn answer denied any fraudulent conduct in seizing the car. It showed that previous to the purchase of the car by plaintiff the dealer had given the finance company a wholesale or floor-plan mortgage on its cars, and specifically on the 1947 Ford car in question. That after the transfer of the 1942 Pontiac to the dealer it also was mortgaged to the finance company. All the mortgages were properly recorded. It further

claimed that it retained, in its possession, the certificates of title of the mortgaged cars as additional security. However, whether through its mistake or carelessness, it enabled the dealer to perpetrate a fraud, as the dealer, according to plaintiff, had possession of the certificate of title and delivered it to plaintiff who gave it back to the dealer, after signing the application for transfer of the title to be forwarded to the secretary of State.

In his prayer for relief plaintiff asked for repossession of the car by mandatory injunction, and damages for loss of use thereof during the period it has been held by the finance company. Plaintiff also seeks damages from defendant dealer as well as the finance company for the loss of use of the car due to the alleged fraud of the dealer, and the bill of complaint contains the usual clause for general relief. On the filing of the bill of complaint, the trial judge ordered the defendants to show cause why a mandatory injunction should not be issued. On the hearing of the order to show cause, without any testimony being taken, the trial judge granted the mandatory injunction ordering the return of the car, however, expressly enjoining plaintiff from either disposing of or mortgaging the car during the pendency of the suit. The finance company then filed a motion for a rehearing and also for the dismissal of the cause on the ground that plaintiff had an adequate remedy at law. Both motions were denied and the finance company has appealed.

Plaintiff in the brief filed in his behalf asks that the appeal be dismissed on the ground that it was taken from an interlocutory order without first obtaining leave of this Court. No motion to dismiss was made. The objection comes too late. *Toledo Pipe Organ Co.* v. *Paradise Theatre Co.,* 318 Mich 342.

Defendant finance company, as sole appellant, raises 2 questions on this appeal. It contends first that the bill of complaint should be dismissed as plaintiff has a complete and adequate remedy at law, and second, that the court should not have issued the mandatory injunction without a hearing on the merits.

Appellant claims that plaintiff could obtain full relief, if entitled thereto, in an action of replevin, and that equity has no jurisdiction if plaintiff has an adequate remedy at law. However, the test of equitable jurisdiction is not whether there is an alternative remedy at law, but whether the remedy at law is as adequate, complete and certain as the relief in equity. *Powers* v. *Fisher,* 279 Mich 442. In the instant case plaintiff alleges that appellant obtained possession of the car by fraud and trickery, as well as through the defendant dealer's fraud which the finance company enabled the dealer to perpetrate. Defendant dealer in its answer admitted that plaintiff had paid in full for the car; that delivery had been made; and that it had stated there were no liens against the car, and that it had shown plaintiff the certificate of title. There was constructive fraud on the part of the finance company in refraining from having the lien set forth on the certificate of title, and allowing the dealer, either through design or carelessness, to secure possession of the certificate of title and perpetrate the fraud. Had a replevin suit been brought against the finance company, and resulted adversely to plaintiff, a separate suit would have been necessary against the dealer to recover for the fraud. This would have resulted in a multiplicity of suits. All these questions are avoided by bringing the suit in equity where all the questions may be presented and determined and appropriate relief decreed. Equity has jurisdiction in cases of

fraud where the remedy at law would be doubtful, incomplete or otherwise inadequate, *Haylor* v. *Grigg-Hanna Lumber & Box Co.*, 287 Mich 127, and also to prevent a multiplicity of suits, *Multiplex Concrete Machinery Co.* v. *Saxer*, 310 Mich 243.

In many respects this case is controlled by the very recent case of *Daas* v. *Contract Purchase Corp.*, 318 Mich 348, on which plaintiff largely relies. The finance company, however, calls attention to the fact that in the *Daas Case* the mandatory injunction was issued after a complete hearing on the merits. Mandatory injunctions are seldom granted prior to the hearing of the case and then only in the most exceptional cases when required to preserve the *status quo*. *McCombs* v. *Merryhew*, 40 Mich 721; *Arnold* v. *Bright*, 41 Mich 207; *Tawas & Bay County Railroad Co.* v. *Iosco Circuit Judge*, 44 Mich 479; *Hall* v. *Wayne Circuit Judge*, 111 Mich 395. It is largely a matter of discretion of the trial court. The general rule is that whenever courts have found a mandatory injunction essential to the preservation of the *status quo* and a serious inconvenience and loss would result to plaintiff and there would be no great loss to defendant, they will grant it. *Gates* v. *Detroit & Mackinac Railway Co.*, 151 Mich 548. In the instant case the *status quo* could be best preserved by placing plaintiff in possession of the car which had been taken from him by the deceit and trickery of the finance company. The finance company could have made proper demand for the car or payment, and could have brought replevin to obtain possession of the car, if it had a right thereto, instead of using fraud as plaintiff alleges. Plaintiff had fully paid for the car and taken lawful possession thereof without proper notice of the rights of the finance company appearing on the certificate of which the finance company released possession for

a time.  Plaintiff has been deprived of the use of the car and suffers loss and inconvenience thereby.  In addition, plaintiff asserts in his brief that the value of the car has depreciated greatly since he lost possession merely by the passing of time.  These are continuing losses to the plaintiff as long as the car is out of his possession.  The risk of loss to the finance company is minimized by the provision in the order forbidding plaintiff from either disposing of or mortgaging the car.  We believe the correct rule was stated by the Pennsylvania court in *Fredericks* v. *Huber,* 180 Pa 572 (37 A 90), where it was said:

"Equity regards the substance rather than the form of things, and will not allow itself to be baffled by a wrongful change while its aid is being invoked. The modern cases, therefore, have established the rule that the *status quo* which will be preserved by preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly or secretly changed status, though he succeeded in making the change before the chancellor's hand actually reached him.  The doctrine is not new—only its application in practice to meet the efforts of those who endeavor to be swifter than justice and the law."

However, the finance company should be protected in the event of accidental damage or destruction of the car and the order should be modified so as to require plaintiff to keep the car insured for the benefit of the defendant finance company as well as himself, pending the final outcome of the case.  We do not believe that there was an abuse of discretion in granting the preliminary mandatory injunction under the circumstances of this case.

The case is remanded for entry of an order as modified in accordance with this opinion, and as so

modified is affirmed. As both parties only partly prevailed, no costs will be allowed.

Sharpe, C. J., and Bushnell, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.