COHEN v. DETROIT JOINT BOARD AMALGAMATED
CLOTHING WORKERS OF AMERICA.

1. APPEAL AND ERROR—DENIAL OF APPLICATION FOR TEMPORARY IN-
JUNCTION—DE NOVO REVIEW.
   The Supreme Court hears case on review of order denying ap-
   plication for temporary injunction *de novo* and as a court of
   equity.

2. SAME—PICKETING—LABOR OBJECTIVE—TEMPORARY INJUNCTION.
   Ultimate determination as to whether picketing was or was not
   for purpose of accomplishing a lawful labor objective will
   not be determined on appeal from trial court's order deny-
   ing temporary injunction but must abide final decision on
   the merits.

3. INJUNCTION—TEMPORARY INJUNCTION—PRESERVATION OF PERSON-
AL OR PROPERTY RIGHTS.
   A court must consider whether the rights of the respective
   litigants will best be subserved by granting temporary in-
   junctive relief sought in a suit to restrain defendant union
   from picketing plaintiff's place of business and if personal
   rights or property rights involved will best be subserved by
   granting temporary injunctive relief in a suit presenting
   issues of controverted merit, such relief should be granted.

4. SAME—TEMPORARY INJUNCTION—ABUSE OF DISCRETION.
   Denial of plaintiff's application for temporary injunctive relief
   in suit to restrain defendant union from picketing plaintiff's
   place of business constituted an abuse of discretion where it
   appears that the denial of such relief would either com-
   pletely ruin plaintiff's business or cause it to suffer irrepara-
   ble damage but that the granting of such relief would not
   subject defendant to any material ultimate damage or depri-
   vation of rights.

[1] 3 Am Jur, Appeal and Error, § 815.
[3–5] 28 Am Jur, Injunctions, §§ 47, 48, 54–57; 31 Am Jur, Labor,
      §§ 320 *et seq.*, 335, 382.
[3, 4] Right of employer to injunction against picketing or boycott
      by labor union to enforce a demand compliance with which
      by employer would constitute an unfair labor practice. 162
      ALR 1438.

5. SAME—TEMPORARY INJUNCTION—DURATION.

Temporary injunction, issued by Supreme Court, restraining defendant union from picketing plaintiff's place of business is ordered continued pending hearing and determination on merits in trial court and in the event of an unappealed decision against plaintiff, application is to be made to the Supreme Court for dissolution of its injunction.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 4, 1950. (Calendar No. 44,534.) Decided May 18, 1950.

Bill by Herman Cohen, doing business as Lawndale Quality Cleaners, against Detroit Joint Board Amalgamated Clothing Workers of America to enjoin picketing plaintiff's place of business. Temporary injunction denied. Plaintiff reviews by appeal in nature of mandamus. Reversed and injunction issued until further order of Supreme Court.

*Gabriel Glantz,* for plaintiff.

*Rothe & Marston,* for defendant.

NORTH, J. Plaintiff, Herman Cohen, doing business as Lawndale Quality Cleaners, owns and operates a dry cleaning plant in the city of Detroit. He has 6 employees. Under the circumstances hereinafter noted, defendant, at the time of filing the bill of complaint and for some time prior thereto, had been maintaining a picket line in front of plaintiff's place of business. Plaintiff, alleging that the picketing was unlawful, sought by his suit to have the picketing restrained. On the day the bill of complaint was filed the circuit judge issued an order to show case "why an injunction should not issue from this court restraining defendant, its agents and employees, from picketing plaintiff's place of business * * * until the conclusion of this suit." Upon hearing on the

order to show cause, the circuit judge denied plaintiff's application for a temporary injunction. Thereupon plaintiff sought and obtained in this Court leave to appeal and a temporary injunction restraining the picketing until the further order of this Court.

We hear the case *de novo* and as a court of equity. The issue presented by this appeal is whether a temporary injunction restraining the picketing of plaintiff's place of business by defendant pending the hearing and determination of plaintiff's suit should not have been issued.

As alleged in plaintiff's bill of complaint, the pertinent facts are that about a month before the bill was filed 2 of defendant's agents "went to plaintiff's place of business and asked him to sign a contract with the union with the following provisions: That he would be compelled to recognize the defendant as 'exclusive collective bargaining representatives for all' his 'inside workers,' drivers and all other employees; that he would be compelled to deduct the union dues from the employees' wages and give said funds to defendant; that he would be compelled to contribute 2 per cent. of the gross wages paid to his employees to a so-called sick and accident fund." It is further alleged in the bill of complaint that plaintiff advised defendant's agents "that if his employees acquiesced in the above demands and authorized him to do so, he would comply." Also

"That defendant's agents advised plaintiff that they were in no way concerned with employees' wishes, that they, in fact, knew that in the event of an election they could not secure a majority of the employees' votes, that they would not submit to an election, and that if plaintiff would not sign said contract, they would post pickets in front of his place of business and 'kill his retail trade.' "

Plaintiff further alleges that defendant's agents were permitted to talk with plaintiff's employees, or some of them; that they refused to join the union, and thereupon plaintiff refused to sign the contract. Upon such refusal defendant caused 4 pickets to be placed in front of plaintiff's premises with signs bearing inscriptions: "This is a nonunion shop. Do not patronize. Amalgamated Clothing Workers CIO." Plaintiff also alleges that the pickets engaged in "talking to and molesting the customers, advising them that their clothing would not be returned, blocking the doorways and generally conducting themselves in a loud and boisterous manner;" that defendant's agents informed plaintiff many times that they would continue the picketing until he joined the union, "and that they will ruin his business by keeping retail customers from his place of business unless he signs said contract."

In an amendment to his bill of complaint, plaintiff charges that defendant's conduct, through its agents, is in violation of CL 1948, § 423.17, as amended by PA 1949, No 230 (Stat Ann 1949 Cum Supp § 17.454[18]), which reads as follows:

"It shall be unlawful (1) for any employee or other person by force or unlawful threats to force, or attempt to force any person to become or remain a member of a labor organization, or (2) for an employee or other person by force or unlawful threats to force or attempt to force any person to refrain from engaging in employment. Violation of this section shall be a misdemeanor and punishable as such."

The purport of defendant's answer is: That when first approached plaintiff said he was "happy to hear that an organizing drive was being conducted by the union;" that plaintiff finally refused to sign the contract is admitted by defendant; the allegation by plaintiff that the pickets molested his customers,

et cetera, is denied; it is admitted by defendant that after it became evident that any attempt to organize plaintiff's employees as members of the union was futile, defendant thereupon established the picket line "in order to protect union employees in their economic interests who were employed in the area;" that the object of advertising through the signs carried by the pickets was "to influence those individuals who believe in patronizing union shops to patronize union shops in the neighborhood rather than to patronize the nonunion shop of the plaintiff." It is denied in defendant's answer "that the picketing is illegal;" denied that any force or coercion was exercised against plaintiff; and defendant alleges that the picketing was peaceful and in the exercise of defendant's constitutional right to advertise the fact that plaintiff's place of business was not a union shop.

It seems obvious that when a hearing on the merits is had in this case, in the main decision will turn upon whether this picketing was or was not for the purpose of accomplishing a lawful labor objective. *Silkworth* v. *Local No. 575 of the American Federation of Labor,* 309 Mich 746. The record now before us discloses that a bona fide issue of the type just noted is presented in the instant case, and its ultimate determination must abide final decision on the merits.

In granting or withholding injunctive relief *pendente lite* in a case of this character it is highly proper and quite essential for a court to consider whether the rights of the respective litigants will best be subserved by granting temporary injunctive relief if sought. If the personal rights or property rights involved will be best preserved by granting temporary injunctive relief in a suit presenting issues of controverted merit, such relief should be granted. *Gates* v. *Detroit & Mackinac Railway Co.,*

151 Mich 548. In the instant case it is quite self-evident that if the picketing instituted by defendant is not temporarily restrained plaintiff's business will be completely ruined or at least suffer irreparable damage pending final decision herein. On the other hand it seems equally apparent that granting the temporary injunctive relief sought will not subject defendant to any material ultimate damage or deprivation of rights. We are constrained to hold that in denying plaintiff's application for a temporary injunction the trial judge failed to properly exercise his discretion.

As above noted a temporary injunction has already issued out of this Court restraining the picketing until our further order. Since it will best subserve the needs of the instant case and expedite final determination thereof, our temporary injunction will remain in force pending further order of this Court, and in the meantime the case will be remanded to the trial court for hearing and determination on its merits. In event of an unappealed decision against plaintiff, an application may thereupon be made by defendant to this Court for dissolution of our injunction.

Costs on this appeal will abide final outcome of this litigation. A decree may be entered in this Court in accordance with the foregoing.

Boyles, C. J., and Reid, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.