### SCHANTZ v. RUEHS.

1. EQUITY—ADEQUATE REMEDY AT LAW—COMMITMENT TO HOSPITAL—INSANE PERSONS.

> Bill to obtain decree holding commitment of plaintiff and order appointing guardian null and void and to restrain latter from making any disbursements from the estate, filed in county where hospital for the insane to which plaintiff was committed was located, *held,* to have been properly dismissed without a hearing on the merits, where plaintiff had an adequate remedy at law either (1) by habeas corpus, (2) by seeking delayed appeal from commitment order, or (3) by petition for finding of restoration of mental competency (CL 1948, §§ 330.39, 637.7, 701.43, 701.44).

2. INSANE PERSONS—COMMITMENT—PLEADING.

> An allegation that original proceedings to commit plaintiff as an insane person were void is not a well-pleaded fact which must be accepted as true on motion to dismiss bill to declare

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity §§ 29, 100 *et seq.*
[2] 41 Am Jur, Pleading § 16 *et seq.*
[3] 19 Am Jur, Equity § 101.

such commitment void, but is a legal conclusion to be arrived at after trial of the issue in a proper proceeding.

3. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
    A court of equity will not take jurisdiction, where there is an adequate and complete remedy at law.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted January 8, 1957. (Docket No. 16, Calendar No. 46,892.) Decided June 10, 1957. Rehearing denied July 31, 1957.

Bill by Addison Schantz against Ernest Ruehs and Dr. Roy A. Morter, medical superintendent of Kalamazoo State Hospital, continued in the name of his successor, Dr. Clarence M. Schrier, to vacate and annul Kent County Probate Court orders of admission and appointment of guardian. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Edward James Kenney, Jr.,* for plaintiff.

*Rom & Newton Dilley,* for defendant Ruehs.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, for defendant Schrier.

EDWARDS, J. This is an appeal from a court's dismissal of a bill of complaint in equity on defendants' motion without hearing on the merits.

On appeal from such a dismissal, we take all well-pleaded facts in plaintiff's bill of complaint as true. *Witt* v. *Tourn-A-Grip Company,* 330 Mich 151; *Stone* v. *Yost,* 319 Mich 323.

Plaintiff's allegations include:
(1) That he was committed to the Kalamazoo State hospital by order of the probate court of Kent county as mentally ill;

(2) That he is currently confined therein, and defendant Schrier, medical superintendent of the hospital, refuses to release him;

(3) That his commitment was illegal and void because the probate judge appointed 3 physicians to examine him rather than 2 as required by statute (CLS 1954, §§ 330.20, 330.21 [Stat Ann 1956 Rev §§ 14.810, 14.811]);

(4) That the medical certificates were legally insufficient to warrant plaintiff's commitment;

(5) That following his commitment, the probate judge appointed defendant Ruehs as guardian of his person and estate;

(6) That the guardianship order was illegal and void because based on the void commitment referred to above;

(7) That if he is released from the commitment referred to in the present proceedings, he will need money from his estate for living expenses, and that defendant Ruehs' action in retaining legal counsel for unspecified purposes menaces the availability of such funds.

Plaintiff seeks, on the basis of the allegations above, a decree holding his commitment and the order of guardianship null and void and restraining defendant Ruehs from any disbursements from the estate.

The proceeding was brought under a temporary order of the circuit court of Kalamazoo county appointing plaintiff's counsel as next friend.

The attorney general, representing defendant Schrier, filed a motion to dismiss on the grounds that plaintiff had an adequate remedy at law.

After hearing on the motion and a colloquy with plaintiff's counsel wherein he agreed that the attack upon the guardianship in his bill of complaint was based solely on his claim that the original com-

mitment was void, Judge Sweet granted the motion to dismiss. The judge said:

"You have an adequate remedy. You had the remedy of habeas corpus."

On consideration of such well-pleaded facts as are available from this record, we affirm the ruling of the chancellor.

Plaintiff's search for his freedom may be prosecuted at law in 1 or more of the following ways:

(1) By attacking the original proceeding as void on the grounds stated in a petition for writ of habeas corpus. CL 1948, § 637.7 (Stat Ann § 27.2250); *Palmer* v. *Kalamazoo Circuit Judge,* 83 Mich 528; *In re Fuller,* 334 Mich 566; 28 Am Jur, Insane and Other Incompetent Persons, § 38.

(2) By seeking delayed appeal (within a year) from the commitment order. CL 1948, §§ 701.43, 701.44 (Stat Ann 1943 Rev §§ 27.3178[43], 27.3178 [44] ).

(3) By petition for finding of restoration of mental competency. CLS 1954, § 330.39 (Stat Ann 1956 Rev § 14.829).

In the bill of complaint the sole attack on the guardianship is the allegation that the original commitment proceedings were void. This is not a well-pleaded fact which we accept as true under the cited rule. This is a legal conclusion to be arrived at after trial of the issue in a proper proceeding.

It is the general rule that where there is an adequate and complete remedy at law, a court of equity will not take jurisdiction. *Alger* v. *Davis,* 345 Mich 635; *Weinhardt* v. *Addison Community Schools,* 347 Mich 683; 19 Am Jur, Equity, §§ 100, 101, pp 107–111.

We find no well-pleaded facts contained in the instant bill for which there is not available a full and immediate remedy at law.

The order of the trial court dismissing the bill of complaint is affirmed. Costs to appellee.

Dethmers, C. J., and Sharpe, Smith, Voelker, Kelly, Carr, and Black, JJ., concurred.