MICHIGAN STATE EMPLOYEES ASSOCIATION v DEPARTMENT
OF MENTAL HEALTH

Docket No. 55016. Submitted March 3, 1982, at Lansing.—Decided
October 5, 1982. Leave to appeal applied for.

The Michigan Department of Mental Health attempted to discharge from employment Lyn Jones, a registered nurse at Fairlawn Center, for negligent supervision of a patient which resulted in the patient's death. The Michigan State Employees Association and Lyn Jones sought from the Ingham Circuit Court, Ray C. Hotchkiss, J., an injunctive order prohibiting the Department of Mental Health from terminating Jones's employment or withholding her pay during the pendency of the administrative review procedures governing the discharge of an employee for cause. The court granted the requested injunctive relief on the court's finding that Jones's discharge from employment or the withholding of her pay would cause irreparable injury to her and that she had no adequate remedy at law. The Department of Mental Health appeals. *Held:*

1. The purpose of a preliminary injunction is to preserve the status quo during the pendency of a trial or administrative review. A preliminary injunction should be granted only where the requesting party satisfies the court that, without the issuance of the injunction, he or she will suffer irreparable injury and has no adequate remedy at law.

2. Since Lyn Jones showed that she was the sole support of her child, had no savings, would have no means of support if discharged and would probably be unable to secure employment elsewhere, she demonstrated that she would be irreparably injured by either discharge or a withholding of pay during the pendency of the administrative review procedures. Those same facts demonstrate that the legal remedy of reinstatement

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 609, 822.

[3, 4, 6] 42 Am Jur 2d, Injunctions §§ 15, 31.

[4, 6] 15A Am Jur 2d, Civil Service § 84.

Injunction as remedy against removal of public official. 34 ALR2d 554.

[5] 15A Am Jur 2d, Civil Service § 68.

with back pay would not be an adequate remedy, such remedy not being immediately available so as to leave her with a means of support during the period of administrative review.

3. While due process does not require that a state department hold a full evidentiary hearing prior to the discharge of a state employee subject to state civil service protections, the absence of any due process right to a full evidentiary hearing prior to discharge is not controlling in this case, since the injunctive relief was granted on the equitable ground of irreparable injury and lack of an adequate legal remedy.

Affirmed.

E. C. PENZIEN, J., dissented. He would hold that the facts presented are not sufficient to evoke the exercise of the court's equitable power to grant injunctive relief which requires irreparable harm and no adequate legal remedy. He would hold that such relief should be granted only where the harm is both factually and legally irreparable. He would reverse.

OPINION OF THE COURT

1. EQUITY — APPEAL — *De Novo* REVIEW.

The Court of Appeals reviews the record *de novo* with due deference given to the findings of the trial court in cases dealing with equitable issues.

2. EQUITY — APPEAL.

The Court of Appeals is required to sustain the findings of a trial court on equitable issues unless the Court is convinced that had it heard the evidence in the first instance it would have been compelled to rule contrary to the ruling actually made.

3. INJUNCTIONS — PRELIMINARY INJUNCTIONS — PREREQUISITES FOR INJUNCTIONS.

The purpose of a preliminary injunction is to preserve the status quo pending trial or administrative review; a preliminary injunction should not be granted unless the party requesting it satisfies the court that, without the issuance of the injunction, he or she will suffer irreparable injury and has no adequate remedy at law.

4. INJUNCTIONS — PRELIMINARY INJUNCTIONS — IRREPARABLE INJURY — ADEQUATE LEGAL REMEDY.

Irreparable injury such as is necessary to justify a court in issuing a preliminary injunction prohibiting a state agency from discharging an employee during the pendency of administrative review of the question of the adequacy of the basis

alleged for the discharge of the employee is shown where the employee is the sole support of a child, has no savings, would have no means of support if discharged, and would probably be unable to obtain employment elsewhere; under such circumstances, the legal remedy of back pay if reinstated is not as adequate, complete and certain as the equitable relief since the legal remedy relief is not immediately available.

5. CIVIL SERVICE — DISCHARGE FROM EMPLOYMENT — DUE PROCESS.

Due process does not require that a state employee subject to state civil service protections be given a full evidentiary hearing before he or she is dismissed for cause; however, while due process does not require an evidentiary hearing prior to dismissal, equitable principles based upon a finding of irreparable injury may require that the dismissal be delayed until after full administrative review.

DISSENT BY E. C. PENZIEN, J.

6. INJUNCTIONS — PRELIMINARY INJUNCTIONS — IRREPARABLE INJURY.

*Irreparable injury such as will justify a court in issuing a preliminary injunction prohibiting a state agency from discharging an employee prior to a full evidentiary hearing on the question of the adequacy of the alleged basis for the discharge is not adequately established by a showing that the employee is the sole support of a child, has no savings, lacks adequate means of support if discharged and would not be able to obtain other employment; the judicial branch of government should refrain from interfering with the executive branch's initial determination that the employee's continued employment represents a potential danger to the persons who would be served by the employee as part of his or her employment.*

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Michael E. Cavanaugh*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker*, Assistants Attorney General, for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

M. F. CAVANAGH, P.J. Defendant appeals by right from an Ingham County Circuit Court injunctive order which prohibited defendant both from terminating plaintiff employee's employment and from withholding her pay. Defendant had attempted to fire plaintiff employee, a registered nurse, on the basis that she had negligently supervised a male epileptic patient at Fairlawn Center who had accidentally drowned in a bathtub.

Defendant raises two issues on appeal. First, defendant argues that the trial court erred in granting injunctive relief to plaintiffs. Second, defendant argues that it did not deny plaintiff employee's due process rights by not affording plaintiff employee a full evidentiary hearing prior to the attempted discharge.

In equity cases such as those granting or denying injunctive relief, this Court reviews the record *de novo,* giving due deference to the findings of the circuit court. This Court is required to sustain the findings of the circuit court unless it is convinced that, had it heard the evidence in the first instance, it would have been compelled to reach a contrary result. *Groveland Twp v Jennings,* 106 Mich App 504, 509-510; 308 NW2d 259 (1981).

The purpose of a preliminary injunction is to preserve the status quo pending trial or, in this case, pending plaintiff employee's administrative appeal. An injunction should not be granted unless the party requesting it satisfies the court that, without the issuance of the injunction, he or she will suffer irreparable injury. In addition, there must be a showing that there is no adequate remedy at law. *Barkau v Ruggirello,* 100 Mich App 617, 623; 300 NW2d 342 (1980).

The concept of "irreparable injury" is an elusive legal term of art, "defying reduction to a mere

black-letter definition". *Grand Rapids v Richard-son,* 429 F Supp 1087, 1093 (WD Mich, 1977). Defendant argues that loss of income and damage to reputation do not constitute the type of irreparable injury necessary to support an injunction against an employee's dismissal pending an administrative appeal. If plaintiff employee's claim of wrongful discharge is ultimately sustained, defendant maintains that reinstatement with full back pay would preclude any irreparable injury. In support of this proposition, defendant cites the case of *Sampson v Murray,* 415 US 61; 94 S Ct 937; 39 L Ed 2d 166 (1974). In *Sampson,* a federal employee sued for a declaration that her discharge was invalid and sought an injunction against the termination of her employment. The United States Supreme Court held that a temporary loss of income, ultimately to be recovered, and a claim of damage to reputation did not constitute irreparable injury on which to base the issuance of a temporary injunction. 415 US 91-92. In a footnote, the Court stated that cases may arise in which an employee's discharge would have an extraordinary effect on the employee such that irreparable injury might be found, however, insufficiency of savings or difficulties in obtaining other employment were factors common to most discharged employees and would not support such a finding. 415 US 90, fn 68.

In *Sampson,* the Court was dealing only with rights that should be accorded to federal employees under the federal civil service statutes. Michigan has a different civil service system, and the courts in Michigan may apply different standards for preliminary injunctive relief.

We find the dissenting opinions in *Sampson* to be more persuasive. As Justice Douglas noted:

"Employability is the greatest asset most people have. Once there is a discharge from [employment], dismissal may be a badge that bars the employee from other federal employment. The shadow of that discharge is cast over the area where private employment may be available. And the harm is not eliminated by the possibility of reinstatement, for in many cases the ultimate absolution never catches up with the stigma of the accusation." 415 US 95.

Justice Marshall, joined by Justice Brennan in dissent, stated:

"Many employees may lack substantial savings, and a loss of income for more than a few weeks' time might seriously impair their ability to provide themselves with the essentials of life—*e.g.*, to buy food, meet mortgage or rent payments, or procure medical services.
* * *
"The availability of a back pay award several years after a dismissal is scant justice for a Government employee who may have long since been evicted from his home and found himself forced to resort to public assistance in order to support his family. And it is little solace to those who are so injured to be told that their plight is 'normal' and 'routine'. Whether common or not, such consequences amount to irreparable injury which a court of equity has power to prevent." 415 US 101-102.

In this case, plaintiff employee is a divorced mother with a nine-year-old son who resides with her. She provides the sole financial support for that child, has no savings, and would have no means of supporting herself and her child if terminated from her job. In addition, if defendant is permitted to fire plaintiff employee for alleged patient neglect, it is unlikely that she will be able to obtain employment elsewhere as a registered nurse. We agree with the Court's decision in *Lake*

*Michigan College Federation of Teachers v Lake Michigan Community College,* 390 F Supp 103, 138 (WD Mich, 1974), *rev'd on other grounds* 518 F2d 1091 (CA 6, 1975), that:

"The loss of the breadwinner's wages, even for a short period of time, constitutes specific irreparable damage. That is especially true * * * where there is testimony that several of plaintiffs are the sole support of families with several younger children."

We find that plaintiff employee has established the type of irreparable injury necessary to support the issuance of a preliminary injunction.

Plaintiff employee has also demonstrated that she does not have an adequate remedy at law. Although it is true that plaintiff employee could ultimately be reinstated in her job with back pay, the remedy is not "as adequate, complete and certain as the relief in equity". *Steggles v National Discount Corp,* 326 Mich 44, 49; 39 NW2d 237 (1949). This is because plaintiff employee's administrative remedy was not *immediately available,* which is a major consideration in determining the adequacy of any legal remedy. *Schantz v Ruehs,* 348 Mich 680, 683; 83 NW2d 587 (1957); *Van Buren Public School Dist v Wayne Circuit Judge,* 61 Mich App 6, 17; 232 NW2d 278 (1975). Other Michigan cases have also held that it is proper for a trial court to grant a preliminary injunction so that employment may be maintained while the employee pursues administrative remedies. See *Van Buren Public School Dist, supra; Cohen v Detroit Joint Bd Amalgamated Clothing Workers of America,* 327 Mich 606; 42 NW2d 830 (1950); *Baltic Mining Co v Houghton Circuit Judge,* 177 Mich 632; 144 NW 209 (1913).

We hold that the trial court did not err in

granting plaintiff employee the preliminary injunction. Loss of income and damage to reputation may constitute the type of irreparable injury necessary for injunctive relief. In addition, the lack of an immediately available legal remedy may demonstrate the inadequacy of the legal remedy.

Defendant's second argument on appeal is that due process does not require it to give a civil service employee a full evidentiary hearing prior to discharging the employee for cause. Although the issue was raised below, the trial court did not rule on the constitutionality of defendant's dismissal procedure.

Under civil service grievance procedures, employees are entitled to a full evidentiary hearing before a civil service hearing officer or an arbitrator after their dismissal. The United States Supreme Court, the Michigan Supreme Court, and this Court have held that due process does not require a full evidentiary hearing before an employee's dismissal.

In *Arnett v Kennedy,* 416 US 134, 157; 94 S Ct 1633; 40 L Ed 2d 15 (1974), the Court rejected a due process challenge to a statute allowing the discharge of a federal employee without a prior evidentiary hearing. The Court arrived at its decision by balancing the interests of the government against the interests of the discharged employee and held that "a hearing afforded by administrative appeal procedures after the actual dismissal is a sufficient compliance with the requirements of the Due Process Clause".

In *Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich 616; 227 NW2d 736 (1975), the Court, relying in part upon *Arnett, supra,* held that a striking teacher's employment may be terminated before the teacher is granted an evidentiary hear-

ing. Although noting that due process requires a
hearing to be held at a meaningful time and in a
meaningful manner, the Court found that a post-
termination hearing was sufficient to protect the
due process rights of a striking teacher. In addi-
tion, in *Rogers v Trenton Bd of Ed,* 61 Mich App
682, 689; 233 NW2d 141 (1975), this Court consid-
ered the question of whether there was a constitu-
tional necessity for a pre-termination hearing
when a teacher was placed on a leave of absence.
We stated that "[t]here is no constitutional neces-
sity for a pre-termination hearing".

We find that due process does not require a civil
service employee to be given a full evidentiary
hearing before he or she is dismissed for cause.
Although the effect of the trial court's issuance of
the injunction in this case will grant plaintiff a
full evidentiary hearing prior to her dismissal, we
uphold the granting of the injunction on the basis
of the irreparable injury to plaintiff and not on the
basis of any due process rights plaintiffs claim may
be violated by the lack of a pre-termination hear-
ing.

Affirmed.

ALLEN, J., concurred.

E. C. PENZIEN, J. *(dissenting)*. I respectfully dis-
sent from the majority opinion in the above mat-
ter. The opinion in essence holds that the trial
judge was correct in ordering the state to reem-
ploy plaintiff Jones without any showing on the
part of the plaintiffs that the state erred in dis-
charging plaintiff Jones and conceding that a full
administrative hearing was not required by statute
or by due process prior to her dismissal. Thus, the
state is mandated to reemploy plaintiff employee
in an extremely sensitive position when the execu-

tive branch of government has made a determination that plaintiff employee's performance in that position endangered the life of another human being. The sole justification asserted for this judicial interference in the executive function is that plaintiff employee is a divorced mother with no savings but with a nine-year-old son for whom she provides the sole financial support. It is further asserted that if the state is permitted to discharge plaintiff employee, plaintiff employee would have difficulty obtaining employment elsewhere as a registered nurse.

It cannot be logically argued that the plaintiff employee would not suffer irreparable harm in a factual sense. But the harm thus suffered cannot be compared to the harm suffered by the patient. Whether or not the patient's life was lost due to plaintiff employee's neglect is a matter which will be finally determined after the full evidentiary hearing which the majority concedes may occur after dismissal. In the meantime, the judiciary should refrain from interfering with the executive's initial determination that potential danger to patients necessitates plaintiff employee's discharge.

In addition, the type of harm which plaintiff employee will suffer is not the kind of harm which the courts have traditionally looked for in determining whether or not to grant the extraordinary relief provided by an injunction. The majority opinion in *Sampson v Murray,* 415 US 61; 94 S Ct 937; 39 L Ed 2d 166 (1974), accurately describes the traditional view. If that were not the usual approach to these problems, injunctive relief would become the ordinary remedy and subsequent money damage awards would become the extraordinary remedy. Plaintiff employee would

suffer harm and that harm may in fact be irreparable. It is, however, no greater than the harm that is suffered by a widow who becomes destitute and is forced on public relief when a land contract vendee stops making payments to her, claiming that the contract has been fully paid or for some other reason. Are we then to order the vendee to continue to make payments to the destitute widow until the matter can be fully heard in court or will we follow the traditional approach and say that, in spite of the harm suffered by the widow, she must wait until a full hearing and then collect whatever money is due her? In this judge's humble opinion, we should resist implementation of the old adage that "hard cases make bad law".

Secondly, in this case, the plaintiffs did not show, and the majority opinion does not require that the plaintiffs demonstrate, any probability of success on the merits before the issuance of the injunction. That, likewise, has been a traditional requirement for the issuance of injunctions.

I would vote to reverse and set aside the injunction.