MICHIGAN EMPLOYMENT SECURITY COMMISSION v POWELL

Docket No. 72645. Submitted April 11, 1984, at Lansing.—Decided April 1, 1985.

Defendant, Robert Powell, was discharged from his employment as an Administrative Law Examiner IV on April 1, 1983. His employer, the Michigan Employment Security Commission, subsequently filed a complaint in the Calhoun Circuit Court seeking an order compelling defendant to return certain business records. Defendant counterclaimed seeking a judgment for services rendered and an injunctive order compelling the MESC to reinstate him to his position. The trial court, Stanley Everett, J., ordered the return of the business records and dismissed defendant's counterclaim for money damages. The court also entered an order granting defendant's request for temporary injunctive relief, reinstating defendant to his position as Administrative Law Examiner IV pending exhaustion of the administrative procedures provided under the Michign Civil Service Commission Rules. The MESC appeals from that order. *Held:*

1. Defendant failed to make a showing of irreparable harm sufficient to support a preliminary injunction. Defendant failed to establish the extraordinary circumstances required for finding an irreparable injury in this case. Defendant has not sufficiently alleged that he is without usable resources and obtainable alternative sources of income with which to support himself and his family.

2. Defendant is not entitled to injunctive relief.

Reversed.

1. CIVIL SERVICE — DISCHARGE OF EMPLOYEES — INJUNCTIONS.

A preliminary injunction to stay the discharge of a civil servant during the pendency of grievance procedures should be issued only in extraordinary circumstances where civil service procedures have been followed and constitutional requirements have been met.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 15A Am Jur 2d, Civil Service §§ 5, 61 *et seq.,* 84.

2. Civil Service — Discharge of Employees — Injunctions.

A variety of circumstances may, in appropriate civil servant discharge cases, warrant a finding of irreparable injury sufficient to support the grant of a preliminary injunction to stay the discharge; the injury must be evaluated in all such cases in light of the totality of the circumstances affecting, and the alternatives available to, the discharged employee.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *David A. Voges,* Assistant Attorney General, for plaintiff.

Before: Bronson, P.J., and MacKenzie and J. L. Banks,* JJ.

Per Curiam. Defendant was employed by the Michigan Employment Security Commission as an Administrative Law Examiner IV until he was discharged on April 1, 1983. The MESC subsequently filed a complaint in the circuit court seeking an order compelling the return of business records. Defendant filed a counterclaim seeking a judgment for services rendered and an injunctive order compelling the MESC to reinstate him to his position as Administrative Law Examiner IV.

The trial court ordered the return of the MESC business records and dismissed defendant's counterclaim for money damages. Following a hearing, the trial court on June 29, 1983, entered an order granting defendant's request for temporary injunctive relief, reinstating defendant to his position as Administrative Law Examiner IV pending exhaustion of the administrative procedures provided under the Michigan Civil Service Commission Rules. The MESC appeals as of right.

The sole issue on appeal is whether the trial court erred in granting defendant's request for a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

preliminary injunction reinstating him as an Administrative Law Examiner IV.

In *Michigan State Employees Association v Dep't of Mental Health,* 421 Mich 152; 365 NW2d 93 (1984), the Supreme Court set forth standards for determining whether preliminary injunctive relief is appropriate in civil service employee discharge cases. Specifically, the Court addressed the required showing of irreparable injury necessary to support a preliminary injunction in such cases.

The defendant in *MSEA* discharged the plaintiff from her position as registered nurse based on the allegation that she had negligently supervised a patient, which resulted in his death. The plaintiff sought preliminary injunctive relief in the circuit court, alleging that she was a divorced mother who provided the sole support for her nine-year-old son who resided with her and that she had virtually no savings and would have no means of supporting herself and her child if terminated from employment. The circuit court entered a preliminary injunction preventing the defendant from discharging the plaintiff and from withholding her pay pending exhaustion of her administrative remedies. A panel of this Court upheld the preliminary injunction. *MSEA v Dep't of Mental Health,* 120 Mich App 39; 328 NW2d 11 (1982). The Supreme Court held that the plaintiff had not made a sufficient showing of irreparable injury, and therefore reversed the preliminary injunction and remanded for further proceedings.

After discussing the competing policy considerations involved in public employee terminations, the Supreme Court stated:

"While civil servants are entitled to protection from the burdens and injuries inflicted by wrongful discharge, discharged public employees are not entitled,

under current civil service procedures, to remain on the public payroll pending exhaustion of remedies. Where a public policy decision has been made that the state and its employees shall bear some risk, and some of the burdens, of erroneous and wrongful discharge, it is not for the courts to extend, through the device of preliminary injunction, the protections against erroneous terminations beyond those provided by the people's delegates. *The routine grant of preliminary injunctions in public employee discharge cases pending exhaustion of all remedies would destroy the balance that has been struck between the competing interests involved.* This the courts may not, and must not do.

* * *

"While it is clear that in many cases a wrongfully discharged employee will suffer severe injury only inadequately remedied by a later award of reinstatement with back pay and benefits, the suffering of the rightfully discharged public employee is likely to be indistinguishable from that of the wrongfully discharged employee. Superficially, therefore, the needs of judicial administration might appear to necessitate a choice between two extremes in interpreting the 'irreparable injury' requirement: either an interpretation which makes a stay available in all such cases, or an interpretation which precludes a finding of such injury in any civil servant discharge case. We do not believe that the alternatives are so limited. To the extent that *Sampson [v Murray,* 415 US 61; 94 S Ct 937; 39 L Ed 2d 166 (1974)] appears to have been understood as a preclusion per se to a finding of irreparable injury in civil servant discharge cases, we decline to adopt that rationale. We are convinced of the ability of trial courts to properly apply the irreparable injury requirement, in combination with the other traditional requirements for grant of preliminary injunctions, in light of the competing policy considerations involved in civil servant discharges.

"Defendant has not argued that Const 1963, art 6, § 28, limits the traditional power of the judiciary to issue preliminary injunctions in civil servant cases; nor could such a claim prevail in the absence of a provision expressly so providing. See *e.g., Gilley v United States,*

649 F2d 449, 453 (CA 6, 1981). The traditional equitable power of the judiciary to issue such injunction, provided for in MCL 600.601; MSA 27A.601, is available in appropriate cases. However, *we hold that, where civil service procedures have been followed, and constitutional requirements met, a preliminary injunction to stay the discharge of a civil servant during the pendency of grievance procedures should issue only in extraordinary circumstances."* (Footnote omitted; emphasis added.) 421 Mich 164-166.

The Supreme Court found that the plaintiff's allegations of inadequate financial resources and her counsel's representations that she might be unable to obtain other employment as a nurse due to the reasons given for her discharge and that she might be ineligible for unemployment benefits were insufficient to establish irreparable injury. The Supreme Court emphasized the limits of its holding:

"We can envision a variety of circumstances which *might,* in appropriate civil servant discharge cases, warrant a finding of irreparable injury sufficient to support the grant of a preliminary injunction.[10] In all cases, the injury must be evaluated in light of the totality of the circumstances affecting, and the alternatives available to, the discharged employee.

\* \* \*

"We do not hold that the absence of usable resources and of obtainable alternative sources of income with which to support one's self and one's dependants, coupled with the prospect of destitution, serious physical harm, or loss of irreplaceable treasured possessions, could never support a finding of irreparable injury in an appropriate case." (Emphasis in original.) 421 Mich 166-168.

---

"[10] In certain circumstances, for instance, the loss of health insurance benefits where there is a serious immediate or ongoing need for medical treatment might be sufficient. See, *e.g., Gonzalez v Chasen,* 506 F Supp 990 (D PR, 1980). We also do not exclude the possibility that, in an otherwise strong case, the certainty that a long-term investment in a treasured possession will be lost—such as by the

foreclosure of the mortgage on a long-time family home—might constitute sufficient injury."

Applying the *MSEA* standards to the present case, we find that defendant has failed to make a sufficient showing of irreparable harm. According to defendant's affidavit and hearing testimony, he was separated from his wife and provided the sole support for his three minor children who resided with him. Defendant averred that he had exhausted his savings and that termination of his employment meant not only the loss of income but also the loss of fringe benefits such as health, dental and life insurance for defendant and his family. Defendant further alleged that he "has had no real income through self-employment although practicing as an attorney-at-law, due to expanses *[sic]* incident to establishing a private practice of the law". Defendant also averred that since his termination in April, 1983, he was three months in arrears on payments due on a land contract for the purchase of his family residence.

Viewing the alleged injury in light of the totality of the circumstances affecting, and the alternatives available to, the defendant, *MSEA, supra,* 421 Mich 167, we conclude that defendant has failed to establish the extraordinary circumstances required for finding an irreparable injury in this case. The circumstances alleged by defendant are common to many discharged employees who lose their income and fringe benefits. Defendant has not sufficiently alleged that he is without "usable resources and * * * obtainable alternative sources of income" with which to support himself and his family. *MSEA, supra,* 421 Mich 168. Applying the standards adopted by the Supreme Court in *MSEA,* we hold that defendant is not entitled to injunctive relief.

Reversed.