METROPOLITAN COUNCIL NO. 23, LOCAL 1277, AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES, AFL-CIO v CITY OF CENTER LINE

1. MUNICIPAL CORPORATIONS—CONTRACTS—POLICE—FIREMEN—JURIS-
DICTION OVER ARBITRATION—CHANGES DURING ARBITRATION.—
UNFAIR LABOR PRACTICES—STATUTES.

A circuit court has jurisdiction to prohibit a city from laying off
police officers, where a contract between the city and its police
force has expired, and to order the payment of contractually
agreed upon police shift differentials and uniform allowances
under the statute prohibiting changes of existing wages, hours
and other conditions of employment while compulsory arbitra-
tion of a new contract for policemen or firemen is pending; a
court is not required to surrender jurisdiction of an action
brought under the statute to the Employment Relations Com-
mission merely because the city's action may also have consti-
tuted unfair labor practices under the public employment
relations act (MCLA 423.243; MSA 17.455[43]).

2. MUNICIPAL CORPORATIONS—LABOR RELATIONS—STATUTES—COMPUL-
SORY ARBITRATION—CHANGES OF CONDITIONS—COURTS—DETER-
MINING CHANGES.

The Legislature in enacting the statute prohibiting changes of
existing wages, hours, and other conditions of employment
during compulsory arbitration of a new employment contract
between a city and its policemen or firemen intended to main-
tain the status quo between the parties regardless of the nature
of the remedies sought by a party who would change that
status quo; a court attempting to preserve the status quo under
the statute has the power to submit disputes to an arbitration
panel where doing so is a reasonable, efficient and intelligent

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 48 Am Jur 2d, Labor and Labor Relations §§ 1196, 1246 *et seq.*
Validity and construction of statutes or ordinances providing for
arbitration of labor disputes involving public employees. 68
ALR3d 885.

[3] 48 Am Jur 2d, Labor and Labor Relations §§ 676, 1273.

means of determining if any prohibited changes have occurred (MCLA 423.243; MSA 17.455[43]).

3. Labor Relations—Contracts—Layoffs—Economic Necessity—
Decrease of Workload—Conditions Precedent.

A change in layoff procedures is a change in working conditions; economic layoffs are not included under the provisions of an employment contract which specifically provides for decrease of workload as the only condition for layoffs.

Appeal from Macomb, Frank E. Jeannette, J. Submitted June 15, 1977, at Detroit. (Docket No. 30382.) Decided September 8, 1977. Leave to appeal applied for.

Complaint by Metropolitan Council 23, and Local 1277, of the American Federation of State, County and Municipal Employees, AFL-CIO, against the City of Center Line and its Mayor, Peter J. Tranchida, seeking an injunction barring layoffs of members of the plaintiff union pending the outcome of arbitration proceedings between the plaintiff and the defendant city, and an injunction requiring the payment of a shift differential and uniform allowance agreed to under an expired labor contract. Judgment for plaintiffs. Defendants appeal. Affirmed.

*George B. Washington,* for plaintiffs.

*Roy W. Rogensues,* for defendants.

Before: R. M. Maher, P. J., and N. J. Kaufman and F. J. Borchard,* JJ.

Per Curiam. Defendant City of Center Line appeals from two permanent injunctions issued by the Macomb County Circuit Court. We affirm.

Involved here is the question of enforcement of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCLA 423.243; MSA 17.455(43). That section of 1969 PA 312, MCLA 423.231 *et seq.;* MSA 17.455(31) *et seq.,* prohibits the change of existing wages, hours and other conditions of employment while compulsory arbitration of a new contract for policemen or firemen is pending. The section states:

"Sec. 13. During the pendency of proceedings before the arbitration panel, existing wages, hours and other conditions of employment shall not be changed by action of either party without the consent of the other but a party may so consent without prejudice to his rights or position under this act."

On May 26, 1976, plaintiff union invoked compulsory arbitration under 1969 PA 312. The existing contract between the city and the union was to expire on June 30, 1976. On June 14, 1976, the city announced that three patrolmen, members of the union, would be laid off for economic reasons on July 8, 1976. The union's contract with the city required layoffs be for a lack of work.

The union obtained a show cause order from the court and, after a hearing on July 6, 1976, the court referred the matter of the layoffs to the statutory arbitration panel. An order temporarily enjoining the layoffs was not entered, however, until August 5, 1976.

After the July 6 hearing, the city informed the union that it would not pay a uniform allowance and shift differential. Under the expired contract, these payments were due on July 1. The arbitration panel considered the city's refusal to make these payments, although the court's opinion did not specifically refer to this matter, and on August 12, 1976, the panel issued an opinion holding that the layoffs of the patrolmen and the refusal to pay

the shift differential and uniform allowance were in violation of MCLA 423.243; MSA 17.455(43).

On September 7, 1976, the court entered a final judgment prohibiting the layoff of any members of the police department. Another final judgment, entered on September 15, 1976, and amended on September 27, 1976, ordered the payment of the shift differential and uniform allowance.

The city argues that the trial court did not have subject matter jurisdiction over this action. The first basis for this argument, the union's failure to exhaust contract grievance procedures, is clearly without merit. The contract had expired and the statutory prohibition against changes in wages, hours and working conditions during pendency of arbitration was the basis of the union's action. Nor is there merit in the argument that the public employment relations act (PERA), MCLA 423.201 *et seq.;* MSA 17.455(1) *et seq.,* rests exclusive jurisdiction over the dispute between the union and the city in the Michigan Employment Relations Commission. While the city's actions may have constituted unfair labor practices under MCLA 423.210; MSA 17.455(10), the union did not invoke the provisions of PERA. 1969 PA 312 is separate and distinct from PERA, dealing with the particular problems of labor disputes with policemen and firemen. Because of the need for expediency in dealing with labor problems that might disrupt the crucial services these public employees provide, enforcement of 1969 PA 312 should not be encumbered by the procedures set forth in PERA. Nothing in 1969 PA 312 or any other statute prevents the judicial enforcement of the provisions of 1969 PA 312, and it was proper for the circuit court to assume jurisdiction over this dispute. Const 1963, art 6, § 13.

The city next argues that the trial court erred by remanding the dispute to the arbitration panel. This argument is based on the distinction between grievance and interest arbitration. The city contends that only interest arbitration is compulsory and that the issues involved in this case are issues for grievance arbitration, which is not compulsory. Therefore, the court cannot compel arbitration of these issues.

But MCLA 423.243; MSA 17.455(43) does not use the terms "interest" or "grievance" arbitration. That section of the statute speaks only of maintaining existing wages, hours, and other conditions of employment during the pendency of proceedings before the panel. The city cannot inject into the statute terms which the Legislature did not put there. The city's attempt to insert the concepts of interest and grievance arbitration can effectively divest the statute of any meaning. The city claims that the conditions of employment under consideration are matters for grievance arbitration and, therefore, subject to contractual remedies. At the same time, the city argues that no contract exists and that there are no continuing conditions of employment. According to Center Line's interpretation, there can be no resort to contractual remedies nor to the statute. This cannot be what the Legislature intended.

Under MCLA 423.243; MSA 17.455(43), the status quo must be maintained, regardless of whether the issues involved are interest, grievance, neither or both. We see nothing improper in the court's use of the statutory panel for assistance in determining whether the city violated one section of 1969 PA 312. The court was attempting to preserve the status quo as required by the statute and devised an efficient, reasonable, and intelligent

means to do so. The panel was undoubtedly well aware of the existing wages, hours and other conditions of employment of the policemen and could offer the court expert assistance in determining if there had been any prohibited changes.

Even if it was improper for the court to remand the matter to the arbitration panel, the judgments must be upheld. Even the authority to which the city refers us indicates that a change in layoff procedures is a change in working conditions. *NLRB v Frontier Homes Corp,* 371 F2d 974 (CA 8, 1967). Since the expired contract between the union and the city did not provide for economic layoffs, but specifically stated that a decrease of work was a condition for layoffs, the layoff of three patrolmen for economic reasons was a change in working conditions. *Cf. Alpena v Alpena Fire Fighters Association,* 56 Mich App 568; 224 NW2d 672 (1974). The city concedes that the shift differential and the uniform allowance are covered by "wages, hours and other conditions of employment".

Affirmed.