LOCAL 1277, METROPOLITAN COUNCIL NO. 23, AMERICAN
FEDERATION OF STATE, COUNTY & MUNICIPAL
EMPLOYEES, AFL-CIO v CITY OF CENTER LINE

Docket No. 78-553. Submitted January 5, 1979, at Detroit.—Decided
July 11, 1979. Leave to appeal applied for.

A labor dispute between the City of Center Line and its police
officers, represented by Local 1277, Metropolitan Council No.
23, American Federation of State, County and Municipal Em-
ployees, AFL-CIO, was submitted to arbitration pursuant to
statute. The union petitioned the Macomb Circuit Court for
enforcement of the arbitration panel's award, and the city
challenged portions of the award. The circuit court, Hunter D.
Stair, J., granted the union's motion for summary judgment
and ordered enforcement of the award. The city appeals, alleg-
ing that the circuit court proceeded improperly, that the arbi-
tration panel had no authority to deal with the issue of layoffs,
and that the statute governing arbitration of labor disputes
involving public policemen and firemen is unconstitutional.
*Held:*

1. The circuit court procedure was proper. The court's review
is of the record made before the arbitration panel, and it is not
error to summarily order enforcement of an award where the
party opposing enforcement has an opportunity to raise objec-
tions and the court has reviewed the record to determine
whether the panel acted within its jurisdiction and whether the
award is supported by competent, material and substantial
evidence on the whole record.

2. The court erred in ordering enforcement on an economic

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 48A Labor and Labor Relations § 1773.
Validity and construction of statutes or ordinances providing for
arbitration of labor disputes involving public employees. 68
ALR3d 885.
[2] 5 Am Jur 2d, Arbitration and Award § 145.
48A Am Jur 2d, Labor and Labor Relations § 1773.
[3] 5 Am Jur 2d, Arbitration and Award § 167.
[4] 48A Am Jur 2d, Labor and Labor Relations § 1894.
[6] 5 Am Jur 2d, Arbitration and Award §§ 84-88.

issue in which the panel rejected both the union's and the city's last proposals on the issue.

3. The arbitration panel's award concerning the issue of layoffs was within the panel's power.

4. The statute does not unconstitutionally delegate legislative power to a nonlegislative body, nor does the statute deny the city due process or ensure that the chairman of an arbitration panel will be pro-union.

Affirmed with modification.

1. ARBITRATION AND AWARD — POLICEMEN AND FIREMEN — STATUTES — GROUNDS FOR CHALLENGING AWARD.

The policy embodied in the act governing the arbitration of labor disputes involving public firemen and policemen is to provide for the expeditious resolution of disputes; accordingly, the grounds upon which an arbitration award can be challenged are limited to those listed in the statute (MCL 423.231, 423.242; MSA 17.455[31], 17.455[42]).

2. ARBITRATION AND AWARD — POLICE OFFICERS — REVIEW OF REC-ORD.

Judicial review of an arbitration award in a labor dispute between a municipal police department and its policemen is limited to review of the record made before the arbitration panel.

3. ARBITRATION AND AWARD — POLICE OFFICERS — ECONOMIC ISSUES — LAST OFFER — ENFORCEMENT OF AWARD — STATUTES.

An arbitration panel considering a dispute between a municipal police department and its policemen must accept the last offer of settlement by one of the parties on economic issues; an arbitration panel exceeded its jurisdiction where it rejected both a city's and the union's proposals on an economic issue, and the award made by the panel as to that issue may not be enforced by a circuit court (MCL 423.238; MSA 17.455[38]).

4. ARBITRATION AND AWARD — POLICEMEN — LAYOFFS — ARBITRA-TION PANEL'S POWER.

An arbitration award regarding layoffs of a city's police officers was within the power of the arbitration panel to grant where the language of the award protects the police officers from retaliatory layoffs but does not restrict the basic legislative choices of the city in providing municipal services.

5. ARBITRATION AND AWARD — POLICEMEN AND FIREMEN — CONSTITU-TIONAL LAW — STATUTES.

The act providing for compulsory arbitration of disputes between

a city and its policemen or firefighters does not unconstitutionally delegate political power to a nonpolitical body (Const 1963, art 3, § 2; art 4, § 1, MCL 423.231 *et seq.;* MSA 17.455[31] *et seq.).*

6. ARBITRATION AND AWARD — POLICEMEN AND FIREMEN — ARBITRATION PANEL — SELECTION OF CHAIRMAN — STATUTES.

The statutory scheme for selection of the chairman of an arbitration panel in a dispute between a city and its policemen or fire fighters does not operate to insure that the chairman will be pro-union and, therefore, does not deny a city due process on that basis (MCL 423.235; MSA 17.455[35]).

*Zwerdling & Maurer,* for plaintiff.

*Roy W. Rogensues,* for defendant.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

PER CURIAM. The city appeals by right from a circuit court order enforcing a 1969 PA 312[1] panel arbitration award settling the contract for policemen represented by plaintiff for the year July 1, 1976, to June 30, 1977.[2] The city makes a three-pronged attack on the circuit court's enforcement of the award, challenging the procedure which led to enforcement, the authority of the panel to deal with the layoff issue and the constitutionality of the act. We affirm.[3]

---

[1] MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.*

[2] The dispute is not moot even though the fiscal year has expired. MCL 423.240; MSA 17.455(40).

[3] In this case we deal with "interest" arbitration. The parties have previously litigated certain grievance issues. *Metropolitan Council No. 23, Local 1277, American Federation of State, County and Municipal Employees, AFL-CIO v Center Line,* 78 Mich App 281; 259 NW2d 460 (1977), *lv den* 402 Mich 814 (1977).

To the extent the city would have us review the grievance issues previously litigated we must decline the invitation under the law of the case doctrine. *Topps-Toeller, Inc v Lansing,* 47 Mich App 720, 727-729; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973).

I

After the arbitration panel rendered a majority award, the union petitioned for enforcement in the Macomb County Circuit Court. MCL 423.240; MSA 17.455(40). The city answered the petition, challenging various portions of the award. The union then filed what it labeled a motion for summary judgment under GCR 1963, 117.2(3) (no issue of material fact). The city filed an answer to the motion alleging that questions of fact existed which precluded summary enforcement. The circuit court filed an opinion and order granting the petition to enforce without taking evidence.

We hold that the circuit court acted correctly. The policy of the act is to provide for expeditious resolution of disputes. MCL 423.231; MSA 17.455(31). To this end, the grounds upon which an award can be challenged are limited to those listed in the statute. MCL 423.242; MSA 17.455(42).[4] To the grounds provided in the statute, the courts have reserved the right to review constitutional claims. *Alpena v Alpena Fire Fighters Association, AFL-CIO,* 56 Mich App 568; 224 NW2d 672 (1974), *lv den* 394 Mich 761 (1975).

The statute does not require a trial before enforcement will be granted. The time consumed in any extended procedure would be contrary to the stated purpose of the act. The circuit court's review, and ours, is of the record made before the

[4] "Orders of the arbitration panel shall be reviewable by the circuit court for the county in which the dispute arose or in which a majority of the affected employees reside, but only for reasons that the arbitration panel was without or exceeded its jurisdiction; the order is unsupported by competent, material and substantial evidence on the whole record; or the order was procured by fraud, collusion or other similar and unlawful means. The pendency of such proceeding for review shall not automatically stay the order of the arbitration panel." MCL 423.242; MSA 17.455(42).

arbitration panel. It is not error to summarily order enforcement of the award after the party opposing enforcement has had an opportunity to raise the appropriate objections and a court has had an opportunity to review the record to determine if the questions decided were within the jurisdiction of the panel and the award is supported by competent, material and substantial evidence on the whole record.

Although we find no error in the procedure followed by the circuit court, we conclude that the court erred in ordering enforcement of the "educational incentive" provision of the award. Under MCL 423.238; MSA 17.455(38), the arbitration panel must accept the last offer of settlement by one of the parties on economic issues. The educational incentive clause of the contract was an economic issue, but the majority of the arbitration panel rejected both the city and union proposals as unsupported by the record. In doing so, the panel exceeded its jurisdiction under the act and this portion of the award should not have been enforced by the circuit court.

## II

The city also challenges the layoff clauses as beyond the authority of the arbitration panel. The problem of layoffs was determined to be a noneconomic issue. A majority of the arbitration panel rejected both parties' proposals and substituted a clause providing:

"The word 'layoff' means a reduction in the working force due to a decrease of work or a general lack of funds. If for lack of funds, police officers may be laid off only in conjunction with layoffs and cutbacks in other departments."

From the discussion at oral argument, it appears that the clause should be interpreted to allow all reductions in force for lack of work in the police department, and requires that reductions in force for economic reasons be in conjunction with reductions in other departments. The precise relationship between layoffs in the police department for economic reasons and layoffs in other departments is not settled by the clause nor was it intended to be. As explained by the majority of the arbitration panel, this compromise language was intended to protect the members of this bargaining unit from retaliatory layoffs because of what the city perceived to be a lack of cooperative attitude in fiscal matters, while at the same time expanding the city's right to protect itself from a real fiscal crisis.

Viewed in the context of the previous relationship of these parties, the clause actually expands management rights. The prior layoff clause was interpreted to prohibit layoffs solely for economic reasons. *Metropolitan Council No. 23, Local 1277, American Federation of State, County and Municipal Employees, AFL-CIO v Center Line,* 78 Mich App 281, 286; 259 NW2d 460 (1977), *lv den* 402 Mich 814 (1977). The city, under the award language, may now lay off policemen for economic reasons but cannot do so in a manner which discriminates against the members of this bargaining unit. We do not perceive the language as restricting the basic legislative choices of the city in providing municipal services, and we conclude that the award was within the power of the arbitration panel. *Fire Fighters Union, Local 1186, International Association of Fire Fighters, AFL-CIO v City of Vallejo,* 12 Cal 3d 608; 116 Cal Rptr 507; 526 P2d 971 (1974), *Board of Education of Yonkers City School District v Yonkers Federation*

*of Teachers,* 40 NY2d 268; 386 NYS2d 657; 353 NE2d 569 (1976). *Cf. Alpena v Alpena Firefighters, supra, Town of Narragansett v International Association of Fire Fighters, AFL-CIO, Local 1589, — RI —; 380 A2d 521 (1977).*

## III

The city also raises two constitutional challenges to the compulsory arbitration scheme. The city contends the act violates various provisions of the Michigan Constitution[5] because it delegates political power to a nonpolitical body and that municipalities are denied due process because the selection scheme of MCL 423.235; MSA 17.455(35) insures the chairman of the arbitration panel will be pro-union.

The chairman of the arbitration panel in this case was chosen by the Michigan Employment Relations Commission supplying a list of three nominees and each party striking one name. MERC then appointed the individual whose name was not struck to serve as chairman.

This method of selection is different than that reviewed by the Supreme Court in *Dearborn Fire Fighters Union Local No 412, IAFF v Dearborn,* 394 Mich 229; 231 NW2d 226 (1975), *affirming by an equally divided court* 42 Mich App 51; 201 NW2d 650 (1972), but not in a manner which would alter the result. A decision by an equally divided Supreme Court is not precedent which we are compelled to follow. *LeVasseur v Allen Electric Co,* 338 Mich 121; 61 NW2d 93 (1953). However, in this case we choose to follow the prior decision of this Court upholding the statute.

The city also claims that the procedural scheme

---

[5] Const 1963, art 3, § 2; Const 1963, art 4, § 1.

for selecting the chairman denies it due process. In theory, the individual serving as chairman of these arbitration panels will have to be sufficiently unbiased to satisfy both labor and management or they will never secure future employment. However, the city contends that because only a few unions represent all public employees which are subject to the act, they have a built-in advantage over employers in determining the attitudes of prospective arbitration panel chairmen.

We cannot accept the city's premise. There is nothing in the system which makes it inherently pro-union. There are organizations of cities and municipalities which could, and from comments at oral argument do, provide information on particular individual arbitrators to cities. There is no allegation of record that the chairman in this case was actually biased in favor of the union and if that were ever the case the matter could be raised under MCL 423,242; MSA 17.455(42) in opposition to a petition to enforce. The statutory scheme does not deny the city due process on the grounds alleged.

Affirmed as modified. No costs, a public question.