BARKAU v RUGGIRELLO

Docket No. 43798. Submitted January 2, 1980, at Lansing.—Decided October 8, 1980.

John and Mary Barkau, plaintiffs, are the owners of a mobile home which has been situated on a lot in a mobile home park owned by Hamburg Hills Estates, Inc., of which Joseph Ruggirello is alleged to be the sole or controlling shareholder. The site was leased to plaintiffs on an oral agreement for a month-to-month tenancy. Subsequently, the plaintiffs, having purchased a house, sought to sell their mobile home. Plaintiffs claim that Hamburg Hills and Ruggirello refused to allow any prospective purchasers of plaintiffs' mobile home to remain on the site after purchase. Plaintiffs, thereupon, filed a complaint against Ruggirello, individually, and Hamburg Hills in Livingston Circuit Court alleging several theories entitling them to relief. Initially, plaintiffs allege that they were never offered a written lease. Secondly, plaintiffs allege that the defendants adopted an unwritten rule prohibiting a mobile home more than three years old from being resold on the site in the mobile home park. Plaintiffs claim this rule was not only enforced in a discriminatory fashion, but was violative of Michigan law. Plaintiffs sought injunctive relief as well as damages in being forced to take out a loan on the house they purchased, in being forced to pay rent for the mobile home site while the mobile home sat empty, and exemplary damages.

Following several oral arguments on the plaintiffs' motion for a preliminary injunction, Bert M. Hensick, J., issued an order providing that: (1) plaintiffs be allowed to sell their mobile home on the site to a purchaser presented to the court, and (2) the defendants be permanently enjoined from interfering with or harassing said purchaser in the quiet enjoyment of her

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Injunctions §§ 48, 49.
[2] 42 Am Jur 2d, Injunctions § 26.
[3] 2 Am Jur 2d, Administrative Law § 290.
[4] 2 Am Jur 2d, Administrative Law § 289.
[5] 73 Am Jur 2d, Statutes §§ 145, 146.
[6] 73 Am Jur 2d, Summary Judgment § 26.

mobile home on the site in defendants' mobile home park provided she maintains timely rental payments and follows all reasonable and lawful park rules. The court based its decision on equitable grounds and provisions banning unfair and deceptive practices in the Michigan Consumer Protection Act and the proposed rule 2004(1) of the Mobile Home Commission Act. Defendants appeal. *Held:*

1. Plaintiffs have not shown a property interest in the mobile home site other than a month-to-month tenancy or a tenancy at will. Even if defendants did violate the Mobile Home Commission Act by failing to offer plaintiffs a written lease, plaintiffs have an adequate remedy at law since they can sell their mobile home off the site and sue for damages. Plaintiffs would not have been guaranteed the right to assign or sublease the site even if they had entered into a written lease with the defendants.

2. A proposed rule may be changed or may never be adopted, and because it does not have binding effect of law until approved and adopted by the Legislature, the trial court's grant of a permanent injunction in reliance on proposed rule 2004(1) was improper.

3. Rule 2004(1) is invalid and unenforceable since nowhere in the Mobile Home Commission Act does it appear that the Legislature intended that mobile home owners be given the absolute right to sell their mobile homes on the site or to dictate to park owners which tenants they must accept.

4. The trial court's issuance of a permanent injunction operated as an order for summary judgment. It is well established that it is inappropriate for the trial court to decide disputed factual questions under the guise of an order for summary judgment. Here, disputed questions of fact remained to be decided.

5. Here, the defendants denied misrepresenting that plaintiffs would be allowed to sell their mobile home on the site. Thus, it is incumbent on the plaintiffs to prove by a preponderance of the evidence at trial that such misrepresentations were made and that they are entitled to relief.

Reversed and remanded for trial.

1. INJUNCTIONS — PREREQUISITES FOR INJUNCTIONS — TRIAL COURTS.

Several prerequisites must be met before a trial court may grant injunctive relief: a plaintiff must allege injury to his property or person, and the fact that a defendant's conduct may constitute a crime is not sufficient to invoke equity jurisdiction, and an injunction cannot be granted unless the party requesting it

satisfies the court that he will otherwise suffer irreparable injury and that he does not have an adequate remedy at law.

2. INJUNCTIONS — PRELIMINARY INJUNCTIONS — PERMANENT INJUNCTIONS — BURDEN OF PROOF.

A party has the burden of establishing a right to injunctive relief; he must prove by a preponderance of the evidence actual or threatened invasion of his rights as alleged and injunctive relief will not be granted merely on the theory that no material injury will result to the party enjoined.

3. ADMINISTRATIVE LAW — PROPOSED RULES — PROMULGATION OF RULES — STATUTES.

A proposed rule, under the Administrative Procedures Act of 1969, may not become effective until at least 15 days following its promulgation and a rule may not be promulgated until after the Legislature adopts a concurrent resolution approving the rule (MCL 24.201 et seq.; MSA 3.560[101] et seq.).

4. ADMINISTRATIVE LAW — COURTS — RULES — VALIDITY — TESTS.

Courts employ a three-fold test to determine the validity of rules which an agency empowered to make rules promulgates: (1) whether the rule is within the matter covered by the enabling statute; (2) if so, whether it complies with the underlying legislative intent, and (3) if it meets the first two requirements whether it is neither arbitrary nor capricious.

5. STATUTES — MOBILE HOME COMMISSION ACT — OWNERS — RIGHTS.

The Mobile Home Commission Act does not show a legislative intent that mobile home owners be given the absolute right to sell their mobile homes on the site or to dictate to park owners which tenants they must accept (MCL 125.1101 et seq.; MSA 19.855[1] et seq.).

6. COURTS — TRIAL COURTS — DISPUTED FACTS — SUMMARY JUDGMENTS.

It is inappropriate for a trial court to decide disputed factual questions under the guise of an order of summary judgment.

*Conner, Harbour & Dew* (by *James M. Murphy*), for plaintiffs.

*Carl Ziemba,* for defendants.

Before: ALLEN, P.J., and V. J. BRENNAN and MACKENZIE, JJ.

Per Curiam. This appeal concerns the propriety of the trial court's issuance of a permanent injunction allowing plaintiffs to sell their mobile home on a leased site in defendants' mobile home park and restraining defendants from interfering with the purchaser in the quiet enjoyment of the premises.

Plaintiffs are the owners of a 1968 mobile home which has been situated on Lot 50 of defendants' mobile home park since August 14, 1976. The site was leased to plaintiffs pursuant to an oral agreement for a month-to-month tenancy. The dispute between the parties arose in July of 1978, when plaintiffs, desirous of selling their mobile home because they had purchased a house, approached defendants regarding several prospective purchasers. According to plaintiffs, defendants refused to allow any prospective purchasers of plaintiffs' mobile home to remain on the site after purchase.

Plaintiffs subsequently commenced the instant litigation by filing a verified complaint and motion for preliminary injunction on December 11, 1978, alleging several theories entitling them to relief. Plaintiffs initially allege that, while they moved into the park on August 14, 1976, they were never offered a written lease, contrary to MCL 125.1128; MSA 19.855(28), which did not become effective until January 9, 1977.

Secondly, plaintiffs claim that in 1978, defendants adopted an unwritten rule prohibiting a mobile home more than three years old from being resold on the site in defendants' mobile home park. Not only was the rule enforced in a discriminatory fashion, according to plaintiffs, but it violates proposed Rule 2004(1) (R 125.2004) promulgated by the Michigan Mobile Home Commission under its authority pursuant to the Mobile Home

Commission Act, MCL 125.1101 *et seq.;* MSA 19.855(1) *et seq.* Rule 2004(1), which became effective March 1, 1979, provides as follows:

"A mobile home park shall not deny a tenant the right to sell his or her mobile home, on site, at a price of his or her own choosing, to any individual, if the purchaser qualifies for tenancy and the mobile home meets the conditions of the written park rules, except that age shall not be used as the sole basis for refusing to allow a mobile home to remain in the park."

Plaintiffs submit that at the time they moved into the park, defendants orally misrepresented that plaintiffs would be permitted to sell their mobile home on the site subject to reasonable approval by defendants of incoming tenants. Plaintiffs do not deny, however, that upon entering the park, they received a copy of the park rules, including Park Rule 8, providing that

"[a]nyone who decides to sell his or her mobile home does not guarantee the buyer the lot it is on".

Due to defendants' actions, plaintiffs sought injunctive relief, as well as damages in being forced to take out a $7,000 loan at an interest rate of 11 per cent per annum on the house they purchased, in being forced to pay rental of $110 per month while the mobile home sat empty, and exemplary damages of $10,000 against each defendant.

On December 18, 1978, the trial court heard oral arguments on plaintiffs' motion for a preliminary injunction restraining defendants from taking any action to force plaintiffs to remove their mobile home from the park or to require defendants to allow plaintiffs to sell their mobile home on the site and to rent to the purchasers on the same

terms as other occupants of the park. The court initially denied the motion but retained jurisdiction indicating it would reconsider the matter if plaintiffs could produce a specific purchaser rejected by defendants.

The court again heard oral arguments on plaintiffs' renewed motion for a preliminary injunction on January 22, 1979. Plaintiffs' counsel stated that plaintiffs had found a purchaser, but when they informed defendants of this fact, on January 8, 1979, defendants served them with an eviction notice. Plaintiffs' motion was supported by affidavits from three persons who averred that defendants had told them that mobile homes over three years old, or over five years old, would have to be removed from the park upon resale. Plaintiffs also secured an affidavit from the prospective purchaser, Margaret Y. Hunt, averring that she had made a bona fide offer for plaintiffs' mobile home on the site if the transaction could be closed within one week.

On January 31, 1979, the trial court issued an order providing that (1) plaintiffs be allowed to sell their mobile home on the site to the purchaser presented to the court, Margaret Hunt; and (2) defendants be *permanently* enjoined from interfering with or harassing said purchaser in the quiet enjoyment of her mobile home on the site in defendants' mobile home park provided she maintains timely rental payments and follows all reasonable and lawful park rules. The court based its decision on equitable grounds, provisions banning unfair and deceptive practices in the Michigan Consumer Protection Act, MCL 445.901 *et seq.;* MSA 19.418(1) *et seq.,* and proposed Rule 2004(1) of the Mobile Home Commission Act, cited above.

The predominant issue in this case is whether

the trial court was correct in issuing a permanent injunction requiring defendants to allow plaintiffs to sell their mobile home on the site and to refrain from harassing the purchaser in the quiet enjoyment of the premises.

Several prerequisites must be met before a trial court may grant injunctive relief. Initially, the fact that defendants' conduct may constitute a crime is not sufficient to invoke equity jurisdiction; plaintiffs must allege injury to their property or person. *Citizens For Pre-trial Justice v Goldfarb,* 88 Mich App 519, 563; 278 NW2d 653 (1979). Secondly, it is well settled that "an injunction cannot be granted unless the party requesting it satisfies the court that he will otherwise suffer irreparable injury, *Royal Oak School Dist v State Tenure Comm,* 367 Mich 689, 693; 117 NW2d 181 (1962), and that he does not have an adequate remedy at law, *Schantz v Ruehs,* 348 Mich 680, 683; 83 NW2d 587 (1957)". *Van Buren Public School Dist v Wayne Circuit Judge,* 61 Mich App 6, 16; 232 NW2d 278 (1975).

Although a preliminary injunction may more frequently be issued in such circumstances to preserve the status quo pending trial, a party requesting permanent injunction has a heavier burden of proof:

"Plaintiff has the burden of establishing a right to injunctive relief. He must prove by a preponderance of the evidence actual or threatened invasion of his rights as alleged. Proof of mere apprehension of injury is insufficient to justify granting injunctive relief. *Bates v City of Hastings,* 145 Mich 574. The cited case is also authority for the proposition that injunctive relief will not be granted merely on the theory that no material injury will result to the party enjoined." *Dutch Cookie Machine Co v Vande Vrede,* 289 Mich 272, 280; 286 NW 612 (1939).

Plaintiffs have not shown a property interest in the mobile home site other than a month-to-month tenancy or tenancy at will. Even if defendants did violate the Mobile Home Commission Act by failing to offer plaintiffs a written lease, plaintiffs have an adequate remedy at law since they can sell their mobile home off the site and sue for damages. Plaintiffs would not have been guaranteed the right to assign or sublease the site even if they had entered into a written lease with defendants.

The next issue is whether the trial court properly granted the injunction pursuant to then proposed Rule 2004(1). Initially, we note that the rule had only been proposed at the time the lower court issued a permanent injunction in reliance on it. Under the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* a proposed rule may not become effective until at least 15 days following its promulgation. MCL 24.247; MSA 3.560(147). A rule may not be promulgated until after the Legislature adopts a concurrent resolution approving the rule. MCL 24.246; MSA 3.560(146). Because a proposed rule may be changed or may never be adopted, and because it does not have binding effect of law until approved and adopted by the Legislature, we disapprove of the trial court's grant of a permanent injunction in reliance on proposed Rule 2004(1).

Next, we address defendants' argument that the Mobile Home Commission exceeded the authority given it by the Legislature under the Mobile Home Commission Act in promulgating Rule 2004(1). In *Chesapeake & Ohio R Co v Public Service Comm,* 59 Mich App 88, 98-99; 228 NW2d 843 (1975), this Court stated the applicable test:

"Where an agency is empowered to make rules,

courts employ a three-fold test to determine the validity of the rules it promulgates: (1) whether the rule is within the matter covered by the enabling statute; (2) if so, whether it complies with the underlying legislative intent; and (3) if it meets the first two requirements, when [sic] it is neither arbitrary nor capricious."

Accord, *Thomas Bros, Inc v Secretary of State,* 90 Mich App 179, 186; 282 NW2d 273 (1979).

One of the principal purposes of the Mobile Home Commission Act was the creation of a commission to correct certain perceived abuses in the mobile home industry, which is reflected in the act's purpose clause, to wit:

"AN ACT to create a mobile home commission; to prescribe its powers and duties and those of local governments; to provide for a mobile home code and the licensure, construction, operation, and management of mobile home parks, the licensure and regulation of retail sales dealers, warranties of mobile homes, and service practices of dealers; to provide for the titling of mobile homes; to prescribe the powers and duties of certain agencies and departments; to provide remedies and penalties; to repeal certain acts and parts of acts; and to provide for the expiration of the act."

Under § 4 of the act, MCL 125.1104; MSA 19.855(4), the commission is vested with the authority to promulgate rules to implement and administer the act. The sections which deal with abuses by park owners in leasing or selling sites are §§ 27 and 28, MCL 125.1127, 125.1128; MSA 19.855(27), 19.855(28). Section 27 generally makes it unlawful for mobile home park owners, among others, to employ a device, scheme, or artifice to defraud or make a material misrepreentation or omission in the sale or rental of a mobile home

site. Section 28 proscribes certain specific abuses, notably:

"(a) Charging or exacting from a person, directly or indirectly, an entrance fee.

"(b) Requiring a person to purchase directly or indirectly a mobile home from any other person as a condition of entrance to, or lease or rental of, a mobile home park space.

"(c) Charging or exacting from a person, directly or indirectly, an exit fee, whether refundable or nonrefundable.

"(d) Requiring, coercing, or inducing a person to purchase, rent, or lease goods or services from another person as a condition for entering into a mobile home park or lease or upon leaving the mobile home park to sell a mobile home through the mobile home park owner or operator, or his agent or designee, or for the rental of space in a mobile home park.

"(e) Charging or exacting from a person, directly or indirectly, money or other thing of value for the provision or distribution of an electric or fuel service without the use of the service by a resident or tenant being first accurately and consistently measured in relation to the actual amount of the use by the resident or tenant unless the electric or fuel service is being included in the rental charge as an incident of tenancy.

"(f) Conspiring, combining, agreeing, or arranging with another person to employ, or aid or abet the employing of, any method, act, or practice which is in violation of this act.

"(g) Renting or leasing a mobile home or site in a mobile home park without offering a written lease."

Rule 2004(1) is arguably within the general purpose of the act quoted *supra,* to correct certain abuses in the mobile home industry, satisfying the second prong of the test in *Chesapeake, supra.* Notwithstanding, we do not believe the rule is within the matter covered by the enabling statute

under the first prong of the test. Nowhere in the statute does it appear that the Legislature intended mobile home owners to be given the absolute right to sell their mobile homes on the site or to dictate to park owners which tenants they must accept. Therefore, we hold Rule 2004(1) invalid and unenforceable. In light of our holding, we find it unnecessary to discuss defendants' arguments that the rule resulted from an unconstitutional delegation of legislative power to the commission and a taking of defendants' property without just compensation contrary to the Fifth and Fourteenth Amendments to the United States Constitution. (US Const Am V and XIV).

Defendants also argue that the trial court's grant of permanent injunctive relief based on defendants' alleged misrepresentations to plaintiffs was premature because disputed questions of fact remained to be decided. We agree. In effect, the court's issuance of a permanent injunction operated as an order of summary judgment under GCR 1963, 117.2(3). It is well established that it is inappropriate for the trial court to decide disputed factual questions under the guise of an order of summary judgment. *Tumbarella v The Kroger Co,* 85 Mich App 482, 491-492; 271 NW2d 284 (1978).

In the case at bar, defendants denied misrepresenting that plaintiffs would be allowed to sell their mobile home on the site. Thus, it is incumbent on plaintiffs to prove by a preponderance of the evidence at trial that such misrepresentations were made and that they are entitled to relief under § 27 of the Mobile Home Commission Act, *supra.* Additionally, to be ultimately entitled to injunctive relief, plaintiffs must show that their remedy at law is inadequate.

Reversed and remanded for trial.