MICHIGAN COUNCIL 25, AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES v WAYNE COUNTY

Docket No. 72454. Submitted December 8, 1983, at Detroit.—Decided May 10, 1984.

A labor contract between several local unions of Michigan Council 25, American Federation of State, County and Municipal Employees, and Wayne County provided for periodic cost of living adjustment (COLA) payments to the members of the unions. The contract expired on July 1, 1982, and prior to that date the county notified the unions that it would not honor the COLA provisions following July 1, 1982. At the time of the events involved herein, a new contract had not yet been ratified. Some COLA payments were made subsequent to July 1, 1982, pursuant to court order or agreement. When the county did not pay COLA for December, 1982, and January and February, 1983, the plaintiffs filed an unfair labor charge before the Michigan Employment Relations Commission and an action in Wayne Circuit Court for a preliminary injunction, naming as defendants Wayne County, the Wayne County Board of Commissioners, the Wayne County Executive and the Wayne County Treasurer. The circuit court, Claudia Morcom, J., granted the plaintiffs the relief requested and ordered the payment of the requested COLA amounts. Defendants appealed. *Held:*

The plaintiffs failed to show that they will suffer irreparable harm if the preliminary injunction is not granted. While plaintiffs showed that two of their 2,550 members are having difficulty paying their bills, there was no showing that the plaintiffs' members are seriously impaired in their ability to provide the essentials of life. Therefore, the trial court erred in issuing the preliminary injunction.

Reversed.

1. INJUNCTIONS — PRELIMINARY INJUNCTIONS.

The grant or denial of a preliminary injunction is within the

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 42 Am Jur 2d, Injunctions §§ 13, 15, 23 *et seq.*
[2, 3] 42 Am Jur 2d, Injunctions §§ 48, 49.

discretion of the trial court; the object of a preliminary injunction is to preserve the status quo so that upon the final hearing the rights of the parties may be determined without injury to either.

2. INJUNCTIONS — EQUITY — IRREPARABLE INJURY.

An injunction should not be issued unless the party requesting it satisfies the court that he will otherwise suffer irreparable injury and he does not have an adequate remedy at law; a preliminary injunction should not be issued if it will grant one of the parties all the relief requested prior to a hearing on the merits.

3. INJUNCTIONS — PRELIMINARY INJUNCTIONS — IRREPARABLE INJURY.

A preliminary injunction should not be granted where irreparable injury is not imminent.

*Maurer, Kalls & Webb* (by *George M. Maurer, Jr.),* for plaintiffs.

*John D. O'Hair,* Corporation Counsel, and *N. McKinley Tounsel,* Assistant Corporation Counsel, for defendants.

Before: T. M. BURNS, P.J., and MACKENZIE and R. ROBINSON,* JJ.

PER CURIAM. Defendant Wayne County and the other component governmental defendants had a labor contract with 2,550 workers who are members of plaintiff Michigan Council 25, American Federation of State, County and Municipal Employees, and its affiliated local unions, the remaining plaintiffs. The workers are employed in various clerical, administrative and technical positions. This dispute concerns the payment of a cost of living allowance (COLA) to which the workers feel they are entitled.

The labor contract between the parties expired

* Former Circuit judge, sitting on the Court of Appeals by assignment.

July 1, 1982. It contained a provision that it would continue in effect unless written notice 60 days prior to termination was given by either party of its desire to modify, amend or terminate the labor contract. Defendants gave such notice on April 27, 1982.

Subsequently, defendants notified plaintiffs that they intended to continue the basic terms of the contract, but that they did not recognize the earning and crediting of COLA after July 1, 1982. The parties have negotiated a new agreement, but the Wayne County Board of Commissioners, which apparently must ratify the agreement to make it effective, has refused to do so.

Plaintiffs brought suit to enforce the August, 1981, scheduled COLA payment. This was for COLA earned in March through May, 1981. The circuit court ordered that payment on October 18, 1982. By letter agreement of December 9, 1982, plaintiffs and defendants recognized and paid COLA for July, August, September, October and November, 1982:

"The parties mutually recognize the desirability of maintaining employee morale and good fellowship for present employees and their families, for the forthcoming holiday season, therefore,

"The County of Wayne agrees to recognize Article 31 of the prior Agreement only for the months of July, August, September, October and November, 1982, exclusively, and agrees to pay Cost-of-Living at the rate established for that period to all AFSCME employees on the payrolls during that period.

"The Union, Michigan Council 25, AFSCME, and its affiliated Local Unions 25, 409, 1659, 1905, 1917, and 2926, agree this action taken jointly by the parties in no event is to be construed or implied to extend any prior agreements or establish permanent agreement between the parties, nor is it to set precedent for future

situations, and shall not be used by the Union in any Court or Tribunal of competent jurisdiction."

Plaintiffs desired COLA payments for the months of December, 1982, and January and February, 1983. Defendants did not pay, and on May 27, 1983, plaintiffs filed an unfair labor practice charge against defendants before the Michigan Employment Relations Commission.[1] However, in an ancillary claim for relief, plaintiffs sought a preliminary injunction in circuit court based on their claims that:

"* * * (1) the claimants will suffer irreparable harm if such relief is not granted; (2) that the administrative remedies available to plaintiff unions and their 2550 members do not provide an adequate remedy at law; (3) that the disparate treatment afforded claimants is ample cause for invoking equitable relief; (4) that if such relief is granted to plaintiffs, it will not substantially harm defendants; (5) that plaintiffs are likely to prevail on the merits of their legal claim."

Defendants filed motions for summary and accelerated judgment. After a hearing, the circuit court issued its opinion denying defendants' motions and granted plaintiffs the requested relief, finding that (1) the plaintiffs-appellees' legal remedy before MERC "is inadequate since not immediately available"; (2) "the claimants (plaintiffs-appellees) will suffer irreparable harm without the relief prayed for"; (3) "there is a substantial likelihood the moving party (plaintiffs-appellees) will prevail" in the proceedings before MERC; and (4) "the harm to the plaintiffs substantially outweighs any injury

[1] On January 13, 1984, the Michigan Employment Relations Commission decided that plaintiffs are entitled to their cost of living allowance.

which might result to defendant if a preliminary injunction should issue".

The circuit court ordered payment of the requested COLA amounting to $2,428,416. The court also provided that if the COLA payments required were ultimately found not to be due plaintiffs, defendants would be entitled to their return which could, at defendants' option, be accomplished by payroll deduction. The circuit court denied defendants' motion for a stay of its injunctive order. Defendants appealed and this Court granted defendants' motions for immediate consideration and for a stay of proceedings on the circuit court's order.

In *Bratton v DAIIE,* 120 Mich App 73, 79; 327 NW2d 396 (1982), this Court set forth the standard for reviewing the grant of a preliminary injunction:

"The grant or denial of a preliminary injunction is within the sound discretion of the trial court. *Grand Rapids v Central Land Co,* 294 Mich 103, 112; 292 NW 579 (1940); *Michigan Consolidated Gas Co v Public Service Comm,* 99 Mich App 470, 478; 297 NW2d 874 (1980). The object of a preliminary injunction is to preserve the status quo, so that upon the final hearing the rights of the parties may be determined without injury to either. *Gates v Detroit & M R Co,* 151 Mich 548, 551; 115 NW 420 (1980). The statues quo which will be preserved by a preliminary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *Steggles v National Discount Corp,* 326 Mich 44, 41; 39 NW2d 237 (1949); *Van Buren School Dist v Wayne Circuit Judge,* 61 Mich App 6, 20; 232 NW2d 278 (1975). The injunction should not be issued if the party seeking it fails to show that it will suffer irreparable injury if the injunction is not issued. *Niedzialek v Barbers Union,* 331 Mich 296, 300; 49 NW2d 273 (1951); *Van Buren School Dist, supra,* p 16. Furthermore, a preliminary injunction will not be issued if it will grant one of the parties all the relief

requested prior to a hearing on the merits. *Epworth Assembly v Ludington & NR Co,* 223 Mich 589, 596; 194 NW 562 (1923). Finally, a preliminary injunction should not be issued where the party seeking it has an adequate remedy at law. *Van Buren School Dist, supra,* p 16."

Since plaintiffs failed to show that they will suffer irreparable injury, the trial court abused its discretion in granting the preliminary injunction. As stated by this Court in *Local 229, Michigan Council 25, AFSCME v Detroit,* 124 Mich App 791, 795; 335 NW2d 695 (1983), "[a] preliminary injunction should not be granted where irreparable injury is not imminent".

The trial court improperly relied on *MSEA v Dep't of Mental Health,* 120 Mich App 39; 328 NW2d 11 (1982), to find that plaintiffs would suffer irreparable injury. In *MSEA* the trial court issued an injunction prohibiting the defendant from terminating plaintiff's employment and from withholding her pay. This Court found that the majority opinion in *Sampson v Murray,* 415 US 61; 94 S Ct 937; 39 L Ed 2d 166 (1974), was not controlling and chose to follow Justice Marshall's dissent. Justice Marshall stated:

"Many employees may lack substantial savings, and a loss of income for more than a few weeks' time might seriously impair their ability to provide themselves with the essentials of life—e.g., to buy food, meet mortgage or rent payments, or procure medical services.
* * *
"The availability of a back pay award several years after a dismissal is scant justice for a Government employee who may have long since been evicted from his home and found himself forced to resort to public assistance in order to support his family. And it is little solace to those who are so injured to be told that their

plight is 'normal' and 'routine'. Whether common or not, such consequences amount to irreparable injury which a court of equity has power to prevent." 415 US 101-102.

In the instant case, plaintiffs have submitted the affidavits of two of their members to show that they will be irreparably injured if they do not immediately receive their COLA payments. One affiant owes the gas company $150, the other affiant is behind in her mortgage payments. While plaintiffs have shown that two of their 2,550 members are currently having some difficulty paying their bills, plaintiffs have failed to show that their members are seriously impaired in their ability to provide the essentials of life. Plaintiffs' members are not faced with a total loss of income as was the situation in *MSEA v Dep't of Mental Health, supra.*

Since the Wayne County AFSCME employees would not be irreparably injured by withholding COLA payments pending a final decision on their right to receive those payments, the trial court erred in granting plaintiffs injunctive relief.

Reversed.