DETROIT POLICE OFFICERS ASSOCIATION v CITY OF DETROIT

Docket No. 76656. Submitted December 19, 1984, at Detroit.—Decided March 13, 1985. Leave to appeal denied, 422 Mich 965.

The Detroit Police Officers Association brought an action in the Wayne Circuit Court against the City of Detroit to enjoin a change in the medical insurance program covering police officers pending the outcome of arbitration proceedings. At the time of filing, the employment contract between the plaintiff and the defendant had expired and the parties were engaged in compulsory arbitration proceedings. The court, Robert J. Colombo, J., granted plaintiff a preliminary injunction. Defendant appealed. *Held:*

Courts, in determining what constitutes a "condition of employment" as that term is used in the status quo provision of the compulsory arbitration act, may look to cases defining the subjects of mandatory bargaining under the public employment relations act and to federal precedents established in interpreting similar provisions of federal labor relations legislation. Health insurance benefits, coverage and administration are mandatory subjects of collective bargaining and, thus, are conditions of employment subject to the status quo provision of the compulsory arbitration act. No showing of irreparable harm or inadequate legal remedy is necessary to obtain an

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 48 Am Jur 2d, Labor and Labor Relations § 1004.

48A Am Jur 2d, Labor and Labor Relations § 1770.

Validity and construction of statutes or ordinances providing for arbitration of labor disputes involving public employees. 68 ALR3d 885.

Subject of mandatory collective bargaining under Federal Labor Relations Act. 12 ALR2d 265.

[2, 3] 48A Am Jur 2d, Labor and Labor Relations § 2096.

Validity and construction of statutes or ordinances providing for arbitration of labor disputes involving public employees. 68 ALR3d 885.

[3] Validity and construction of statutes or ordinances providing for arbitration of labor disputes involving public employees. 68 ALR3d 885.

injunction restraining a violation of the status quo provision of the compulsory arbitration act.

Affirmed.

HOOD, J., dissented. He would hold that a plaintiff must show both irreparable injury and no adequate legal remedy to be entitled to an injunction restraining a violation of the status quo provision of the compulsory arbitration act.

OPINION OF THE COURT

1. LABOR RELATIONS — COMPULSORY ARBITRATION ACT — STATUS QUO — CONDITIONS OF EMPLOYMENT — HEALTH CARE.

Courts, in determining what consitutes a "condition of employment" as that term is used in the status quo provision of the compulsory arbitration act, may look to cases defining the subjects of mandatory bargaining under the public employment relations act and to federal precedents established in interpreting similar provisions of federal labor relations legislation; health insurance benefits, coverage and administration are mandatory subjects of collective bargaining and, thus, are conditions of employment subject to the status quo provision of the compulsory arbitration act (MCL 423.201 *et seq.*, 423.243; MSA 17.455[1] *et seq.*, 17.455[43]).

2. LABOR RELATIONS — COMPULSORY ARBITRATION ACT — STATUS QUO — INJUNCTIONS — BURDEN OF PROOF.

No showing of irreparable harm or inadequate legal remedy is necessary to obtain an injunction restraining a violation of the status quo provision of the compulsory arbitration act (MCL 423.243; MSA 17.455[43]).

DISSENT BY HOOD, J.

3. LABOR RELATIONS — COMPULSORY ARBITRATION ACT — STATUS QUO — INJUNCTIONS — BURDEN OF PROOF.

*A plaintiff must show both irreparable injury and no adequate legal remedy to be entitled to an injunction restraining a violation of the status quo provision of the compulsory arbitration act (MCL 423.243; MSA 17.455[43]).*

*Gregory, Van Lopik, Moore & Jeakle* (by *W. Glenn Jeakle II*), for plaintiff.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Thomas L. Walters* and *Alec J. McLeod,* Assistant Corporation Counsel, for defendant.

Before: BRONSON, P.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. Defendant appeals as of right from a circuit court order granting plaintiff's motion for a preliminary injunction. The order restrained defendant from imposing changes in an employee medical insurance program pending arbitration proceedings. We affirm.

Pursuant to the compulsory arbitration statute, MCL 423.231 *et seq.;* MSA 17.455(31) *et seq.,* plaintiff and defendant were parties to an arbitration proceeding concerning wages, hours and working conditions to be incorporated in a successor collective bargaining agreement. One of the issues to be resolved in the arbitration proceeding was whether there would be changes in health insurance benefits, coverage, administration and premiums. During the pendency of the proceeding, defendant informed plaintiff of the following changes in the medical insurance program:

(1) Elective surgery would require a mandatory second surgical opinion before members could be treated;

(2) Prescriptions would be filled with a generic drug in the event a member's physician did not indicate that the prescription must be dispensed as written; and

(3) Before foot surgery could be performed, a predetermination would have to be made by a physician and submitted to the insurer.

At the hearing on the motion for injunctive relief, plaintiff argued that, pursuant to § 13 of the compulsory arbitration statute, there shall be no changes in wages, hours and working conditions during the pendency of arbitration proceedings, unless agreed to by the parties. Plaintiff sought an injunction preserving the status quo during the

pendency of arbitration, contending that the
changes in medical insurance benefits violated the
statute. Plaintiff also argued that, for an injunc-
tion to issue, a showing of irreparable harm is not
needed or, alternatively, that any deferral or delay
in benefits constituted irreparable harm to plain-
tiff's members.

Defendant argued that the changes were merely
administrative changes made at the request of the
insurer and that plaintiff had not sustained its
burden of showing irreparable harm.

The circuit judge held that defendant's unilat-
eral changes in medical insurance violated the
statute. He concluded that injunctive relief was
appropriate in order to maintain the status quo
pending arbitration. The judge also found that the
changes would subject plaintiff's members to irrep-
arable harm and that plaintiff was without an
adequate remedy at law.

The pertinent section of the statute provides as
follows:

"During the pendency of proceedings before the arbi-
tration panel, existing wages, hours and other condi-
tions of employment shall not be changed by action of
either party without the consent of the other but a
party may so consent without prejudice to his rights or
position under this act." MCL 423.243; MSA 17.455(43).

Defendant asserts that the changes in the medi-
cal insurance program related only to "administra-
tive procedures" and were not changes in "work-
ing conditions" in violation of the statute. *Id.* We
disagree.

In determining whether an employer's unilat-
eral action affects a condition of employment
within MCL 423.243, this Court considers cases
which define mandatory subjects of collective bar-

gaining. *Michigan Law Enforcement Union, Teamsters Local 129 v City of Highland Park,* 138 Mich App 342; 360 NW2d 611 (1984); see, MCL 423.215; MSA 17.455(15). Health insurance benefits, coverage and administration are mandatory subjects of collective bargaining. *City of Roseville v Local 1614, International Ass'n of Firefighters,* 53 Mich App 547, 551-552; 220 NW2d 147 (1974), *lv den* 393 Mich 759 (1974). Thus, even if we accept defendant's characterization of its unilateral action as a change in "administrative procedures", it is clear that the action changed a condition of employment within MCL 423.243. Accordingly, the lower court correctly determined that defendant violated the statute.

Defendant argues that plaintiff has shown neither irreparable harm nor the inadequacy of its remedy at law, and that such a showing is prerequisite to issuance of an injunction. *Barkau v Ruggirello,* 100 Mich App 617, 623; 300 NW2d 342 (1980). This claim lacks merit, as no showing of irreparable harm or inadequacy of legal remedy is necessary to restrain a violation of MCL 423.243. Rather, we conclude that an injunction should be issued upon a showing that the "status quo" requirement has been violated. This Court so held in *Highland Park, supra,* pp 349-350; see, also, *Metropolitan Council No 23, Local 1277, AFSCME v City of Center Line,* 78 Mich App 281; 259 NW2d 460 (1977), *lv den* 402 Mich 814 (1977). The statute would have little effect if it could be enforced only in instances in which the plaintiff could show irreparable harm in the traditional sense.

The federal railway labor act contains an analogous "status quo" provision. 45 USC 156. In *Southern Railway Co v Brotherhood of Locomotive Firemen & Enginemen,* 119 US App DC 91; 337 F2d 127 (1964), the court rejected the notion that plain-

tiff must show irreparable harm to obtain injunctive relief where that statute has been violated. We find the court's reasoning persuasive:

"[W]e think that a showing of irreparable injury is not required before the instant status quo injunction may issue, particularly because the question before us is concerned with far more than the private rights and duties of the parties. In the first place, Section 6 of the Act imposing the duty to maintain the status quo contains no qualification to the effect that the carrier has no obligation to do so unless irreparable injury would otherwise result. Moreover, the public interest in peaceful settlement of labor disputes through the utilization of statutory procedures is also involved, and irreparable injury to the complaining party is not an element which bears significantly or relevantly on furthering the public interest." 337 F2d 133-134.

We believe that the public interest is served by strict enforcement of MCL 423.243, especially since the statute is concerned with public police and fire departments. MCL 423.231; MSA 17.455(31).

The lower court found that plaintiff had met its burden of showing irreparable harm. Although not a necessary basis for our decision to affirm, we are not "convinced that we would have reached a different result had we occupied that court's position". *Thom v Rassmussen*, 136 Mich App 608, 612; 358 NW2d 569 (1984). Forced deferral of medical treatment may cause irreparable harm. As noted by the circuit judge, compliance with the changes in medical coverage would, "among other things, force [p]laintiff's members and members of their family to delay medical treatment while obtaining and waiting a second medical opinion or, with foot surgery, securing a 'predetermination,' thereby incurring additional and otherwise unnecessary pain, suffering and anxiety".

Affirmed.

Hood, J. *(dissenting).* I must respectfully dissent.

The majority concludes that no showing of irreparable harm or inadequacy of legal remedy is necessary as a prerequisite to the issuance of an injunction to restrain a violation of MCL 423.243; MSA 17.455(43). I disagree.

Injunction is an *extraordinary* writ, MCR 3.301, and should only issue under extraordinary circumstances. I am not convinced that a labor dispute becomes extraordinary because it involves policemen and firemen rather than other public employees. I am also not convinced that the record before us justifies such a precipitous departure from traditional equitable principles which are normally applied when injunctive relief is sought.

In *Holland School Dist v Holland Education Ass'n,* 380 Mich 314, 326; 157 NW2d 206 (1968), the Court stated that "it is basically contrary to public policy in this [s]tate to issue injunctions in labor disputes absent a showing of violence, irreparable injury, or a breach of the peace". This Court has similarly held that injunctive relief pursuant to MCL 423.216(h); MSA 17.455(16)(h) in MERC proceedings "encompasses the traditional equitable principles which justify injunctive relief that have long been a part of Michigan common law". *Local 229, Michigan Council 25, AFSCME v Detroit,* 124 Mich App 791, 793-794; 335 NW2d 695 (1983). We reached a similar result in requiring a showing of irreparable harm when cost of living allowances (COLA) were denied to 2550 Wayne County employees. *Michigan Council 25, AFSCME v Wayne County,* 136 Mich App 21; 355 NW2d 624 (1984). I would require no less of the public employees involved in this case.

Also, while I agree that *Michigan Law Enforcement Union, Teamsters Local 129 v City of Highland Park,* 138 Mich App 342; 360 NW2d 611 (1984), and *Metropolitan Council No 23, Local 1277, AFSCME v City of Center Line,* 78 Mich 281; 259 NW2d 460 (1977), *lv den* 402 Mich 814 (1978), appear to hold that only a showing of a statutory violation is necessary to issue an injunction, these opinions never directly addressed the issue.

I also disagree that plaintiff met its burden of showing irreparable harm.

"Plaintiff has the burden of establishing a right to injunctive relief. He must prove by a preponderance of the evidence actual or threatened invasion of his rights as alleged. Proof of *mere apprehension of injury is insufficient to justify granting injunctive relief. Bates v City of Hastings,* 145 Mich 574. The cited case is also authority for the proposition that injunctive relief will not be granted merely on the theory that no material injury will result to the party enjoined." *Dutch Cookie Machine Co v Vande Vrede,* 289 Mich 272, 280; 286 NW 612 (1939). (Emphasis added.)

The total record in this case consists of the pleadings, copies of the agreement between the plaintiff and the City of Detroit, the transcripts of oral argument, and the trial court's ruling of February 3, 1984. No testimony whatsoever was taken before the trial court, and no other evidence was admitted. The record is woefully lacking, in my estimation, of any *evidence* to justify a finding of irreparable harm. See *MSEA v Michigan Dep't of Mental Health,* 421 Mich 152, 168 fn 13; 365 NW2d 93 (1984).

I would reverse.