JACKSON FIRE FIGHTERS ASSOCIATION, LOCAL 1306, IAFF, AFL-CIO
v CITY OF JACKSON (ON REMAND)

Docket Nos. 192470, 193765, 197794, 197795. Submitted November 5, 1997,
at Detroit. Decided January 23, 1998, at 9:20 A.M.

The Jackson Fire Fighters Association, Local 1306, IAFF, AFL-CIO
and the City of Jackson reached an impasse during negotiations
over a collective bargaining agreement for 1991-94 concerning the
retention of a provision in the 1988-91 collective bargaining agree-
ment that required the city to maintain at all times a minimum
complement of fifteen twenty-four-hour fire fighters on duty on
each shift. The issue was submitted to arbitration pursuant to 1969
PA 312, MCL 423.231 *et seq.*; MSA 17.455(31) *et seq.* The arbitration
panel ruled that the disputed provision constituted a mandatory
subject of bargaining under § 15 of the public employment rela-
tions act (PERA), MCL 423.215; MSA 17.455(15), concluded that the
city's proposed reduction in staffing per shift would adversely
affect fire fighter safety, and ordered that the disputed provision be
retained in the 1991-94 collective bargaining agreement. The Jack-
son Circuit Court, Alexander C. Perlos, J., confirmed the arbitration
award and entered a permanent injunction compelling the city to
comply with the minimum staffing provision. The Court of Appeals
denied the city leave to appeal.

The city filed an unfair labor practice charge against the union in
the Michigan Employment Relations Commission. A hearing referee
decided that the disputed minimum staffing provision was a per-
missive, not a mandatory, subject of collective bargaining and that
the union had committed an unfair labor practice by submitting the
issue to arbitration. The MERC affirmed the decision of the hearing
referee. The union appealed.

The Supreme Court, in lieu of granting leave to appeal from the
Court of Appeals denial to the city of leave to appeal from the rul-
ings of the circuit court, remanded the matter to the Court of
Appeals for consideration as on leave granted. The Supreme Court
ordered consolidation on remand with the other appeals in this
case. 453 Mich 972 (1996).

On remand, the Court of Appeals *held*:

The MERC properly decided that the disputed minimum staffing provision did not constitute a mandatory subject of collective bargaining.

1. The MERC, not an Act 312 arbitration panel, has primary authority to implement the PERA. Act 312 was intended to supplement the PERA, not control it. In light of such primary authority by the MERC, collateral estoppel could not have applied to preempt the MERC from considering whether the disputed minimum staffing provision was a mandatory subject of collective bargaining.

2. Sufficient evidence existed to support the MERC's decision that the number of fire fighters on duty per shift had no effect on fire fighter safety and therefore was not a mandatory subject of collective bargaining.

MERC decision and order affirmed; arbitration panel award and circuit court orders vacated.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — MANDATORY SUBJECTS OF COLLECTIVE BARGAINING — ACT 312 ARBITRATION — MICHIGAN EMPLOYMENT RELATIONS COMMISSION.

The Michigan Employment Relations Commission has primary authority over the implementation of the public employment relations act; collateral estoppel cannot apply to preempt the commission from considering whether a matter is a mandatory subject of collective bargaining under the public employment relations act between a police officers or fire fighters union and a municipality after a 1969 PA 312 arbitration panel has decided the issue (MCL 423.215, 423.231 *et seq.*; MSA 17.455[15], 17.455[31] *et seq.*).

*Sachs, Waldman, O'Hare, Helveston, Bogas & McIntosh, P.C.* (by *Ronald R. Helveston*), for Jackson Fire Fighters Association, Local 1306, IAFF, AFL-CIO.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Dennis B. DuBay* and *Bruce M. Bagdady*), for City of Jackson.

ON REMAND

Before: GRIFFIN, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM. These appeals are before this Court pursuant to our Supreme Court's order vacating our orders in Docket Nos. 187236 and 187801 (currently

Docket Nos. 197795 and 197794, respectively), remanding those cases for consideration as on leave granted, ordering them consolidated with Docket Nos. 192470 and 193765, and directing the parties "to brief and argue the effect of conflicting orders from [the Michigan Employment Relations Commission (MERC)] and the Act 312 arbitration panel." *City of Jackson v Jackson Fire Fighters Ass'n, Local 1306*, 453 Mich 872 (1996). For reasons that will be stated, we hold that despite an arbitration panel's prior contrary ruling, the MERC properly decided that § 8.1 of the parties' July 1, 1988, to June 30, 1991, collective bargaining agreement did not constitute a mandatory bargaining subject. We therefore affirm the MERC's March 20, 1996, decision and order, vacate the arbitration panel's December 6, 1994, award, and vacate the Jackson Circuit Court's June 12, 1995, order affirming the arbitration award and its February 2, 1996, injunction requiring the City of Jackson to comply with that award.

I

Strikes by public employees are forbidden by § 2 of the public employment relations act (PERA), MCL 423.202; MSA 17.455(2). Section 15 of the PERA, MCL 423.215; MSA 17.455(15), requires a public employer to bargain collectively with the representatives of its employees "with respect to wages, hours, and other terms and conditions of employment . . . ." Issues falling into those categories are deemed to be *mandatory* subjects of bargaining, while all other matters are considered to be *permissive* bargaining subjects. *Local 1277, Metropolitan Council No 23, AFSCME, AFL-CIO v Center Line*, 414 Mich 642, 652;

327 NW2d 822 (1982). Because "[c]ompulsory arbitra-
tion in police and fire disputes was seen as a neces-
sary tradeoff for the prohibition against striking," the
Legislature enacted the compulsory arbitration stat-
ute, 1969 PA 312,   MCL 423.231 *et seq.*;   MSA
17.455(31) *et seq. Local 1277, supra* at 650-651. Act
312 "is separate and distinct from PERA, dealing with
the particular problems of labor disputes with police-
men and firemen." *Metropolitan Council No 23, Local
1277, AFSCME, AFL-CIO v Center Line,* 78 Mich App
281, 284; 259 NW2d 460 (1977).  "Given the fact that
Act 312 complements PERA and that under § 15 of PERA
the duty to bargain only extends to mandatory sub-
jects," it follows that an Act 312 arbitration panel "can
only compel agreement as to mandatory subjects."
*Local 1277, supra* at 414 Mich 654. When the ques-
tion whether a matter is mandatorily bargainable
arises in an Act 312 arbitration proceeding, the MERC,
noting the availability of ultimate judicial review, has
recognized that, in the absence of or concurrent with
MERC rulings, the arbitration panel has jurisdiction to
resolve that question before or as part of the panel's
consideration of disputed contract issues. *Detroit v
Detroit Fire Fighters Ass'n, Local 3344, IAFF,* 1990
MERC Lab Op 859, 862; *Detroit v Detroit Fire Fight-
ers Ass'n, Local 344, IAFF,* 1990 MERC Lab Op 561,
565.

Applying these principles to the present facts, we
note that the crux of these appeals is art 8, § 8.1 of
the July 1, 1988, to June 30, 1991, collective bargain-
ing agreement between the city and the Jackson Fire
Fighters Association, Local 1306, IAFF, AFL-CIO (the
union), which states, in pertinent part, "The City shall
at all times maintain a minimum complement of fif-

teen (15) 24-hour fire fighters on duty on each shift." The union demanded the retention of § 8.1 in the parties' proposed 1991-94 labor contract, contending that it was a mandatory subject of collective bargaining. The city, wishing to reduce per-shift staffing, objected, maintaining that § 8.1 was a permissive bargaining subject. When the parties reached an impasse, the issue was submitted to arbitration pursuant to Act 312. The arbitration panel ruled that § 8.1 constituted a mandatory subject of bargaining within the panel's jurisdiction, concluded that the city's proposed reduction in per-shift manning would adversely affect fire fighter safety, and ordered that § 8.1 be retained unchanged in any 1991-94 agreement.

Pursuant to the city's petition for review and the union's complaints, the Jackson Circuit Court affirmed the arbitration panel's award and entered a permanent injunction ordering the city to comply with § 8.1. This Court denied the city's applications for leave to appeal these rulings, Docket Nos. 187236 and 187801.

Meanwhile, the city filed an unfair labor practice charge with the MERC, accusing the union of unlawfully demanding that the city bargain with respect to § 8.1. The hearing referee rejected the union's argument that, because the Act 312 arbitration panel had already held § 8.1 to be mandatorily bargainable, the MERC was preempted from addressing that issue. The referee stated, "It is clear . . . that the [MERC] is not bound by the panel's decision regarding whether the daily staffing provision is a mandatory subject of bargaining; just the reverse is true: the arbitration panel is bound by the [MERC's] determinations." The referee also found "the daily minimum manning provision to

be a permissive subject of bargaining only," and ruled that the union had violated its bargaining duty under the PERA by "submitting this proposal to an Act 312 arbitration."

On March 20, 1996, the MERC issued a unanimous decision and order affirming the decision of the hearing referee, holding that the arbitration panel did not have concurrent jurisdiction with the MERC to decide the § 8.1 issue, that "collateral estoppel is not appropriate where, as here, primary jurisdiction has been given by the [L]egislature to an administrative agency," that any conflict between the panel's and the MERC's rulings could be resolved by judicial review, and that the evidence failed to establish that § 8.1 adversely affected fire fighter safety. We agree.

The MERC—and not an Act 312 arbitration panel—has authority to implement the PERA, *AFSCME, Council 25 v Wayne Co*, 152 Mich App 87, 99; 393 NW2d 889 (1986), and possesses exclusive jurisdiction over unfair labor practice charges, *Lamphere Schools v Lamphere Federation of Teachers*, 400 Mich 104, 118; 252 NW2d 818 (1977); *Rockwell v Crestwood School Dist Bd of Ed*, 393 Mich 616, 630; 227 NW2d 736 (1975). Furthermore, Act 312 was intended to supplement the PERA, not control it. MCL 423.244; MSA 17.455(44); *Local 1277, supra* at 414 Mich 652. The panel itself recognized this when it noted that "we are not free agents," but "[function] under MERC's auspices," and its chairman indicated his agreement with "the basic and incontrovertible premise that an Act 312 panel functions under MERC's auspices and is obliged to follow applicable MERC decisions." Therefore, the union's argument that the doctrine of collateral estoppel precludes the MERC from adjudicating

§ 8.1 is inappropriate because the Legislature has vested primary jurisdiction in the MERC. The fact that under the unusual circumstances of this case the MERC's ruling followed and conflicted with the panel's does not warrant the conclusion that the MERC was thereby estopped from proceeding as it did.

II

The union also contends that the MERC's decision is not supported by the evidence. MCL 423.216(e); MSA 17.455(16)(e) provides that the "findings of the [MERC] with respect to questions of fact if supported by competent, material, and substantial evidence on the record considered as a whole shall be conclusive." See also Const 1963, art 6, § 28. In *Detroit Police Officers Ass'n v Detroit*, 212 Mich App 383, 388; 538 NW2d 37 (1995), this Court stated, "Substantial evidence is more than a scintilla but substantially less than a preponderance of the evidence."

It is important to note that § 8.1 governs the number of fire fighters on duty per shift, *not* the number actually assembled at a fire scene. The number at the scene determines what action may safely be undertaken to combat a blaze and may include not only on-duty personnel but also off-duty fire fighters called in, volunteers, and those responding pursuant to mutual assistance pacts with other fire departments. Consequently, the evidence in this case fails to demonstrate a causal nexus between the city's proposed reduction in daily staffing and fire fighter safety, and the union's contention that reducing the number of fire fighters on duty would adversely affect safety is without merit. Even if a reduction in the daily staff would delay response to a fire, that affects the level of fire

protection offered the citizens of Jackson and does not raise a safety issue with respect to fire fighters. Sufficient evidence therefore exists to support the MERC's decision and order.[1]

We affirm the MERC's March 20, 1996, decision and order, vacate the arbitration panel's December 6, 1994, award, and vacate the Jackson Circuit Court's June 12, 1995, order affirming the arbitration award and its February 2, 1996, injunction requiring the city to comply with that award. No costs, a public question being involved.

---

[1] We need not discuss the distinction, if any, between issues "related to" safety and those "inextricably intertwined" with it, *Detroit v Detroit Fire Fighters Ass'n, Local 344, IAFF*, 204 Mich App 541, 553; 517 NW2d 240 (1994), because sufficient evidence exists to affirm the MERC's decision and order under either statement of the criterion.