# STATE OF MICHIGAN

# COURT OF APPEALS

AFSCME COUNCIL 25 LOCAL 3317,

Plaintiff-Appellant,

v

CHARTER COUNTY OF WAYNE and WAYNE
COUNTY EXECUTIVE,

Defendants-Appellees.

UNPUBLISHED
December 28, 2017

No. 334638
Wayne Circuit Court
LC No. 15-011774-CK

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff, AFSCME Council 25 Local 3317, appeals by delayed leave granted[1] an opinion and order granting summary disposition to defendants, Charter County of Wayne and the Wayne County Executive, on the basis of res judicata, in this labor law case. We dismiss the appeal as moot.

## I. BACKGROUND

This case arises out of an alleged agreement between the Union and the County to engage in binding arbitration under the Compulsory Arbitration of Labor Disputes in Police and Fire Departments Act, 1969 PA 312, MCL 423.231 *et seq.*, otherwise commonly known as Act 312 arbitration. The Union originally filed a petition with the Michigan Employment Relations Commission for Act 312 arbitration. The parties later entered into a "memorandum of agreement" (MOA), which provided, among other things, that the Union would dismiss the petition for Act 312 arbitration and that the petition could be refiled later. In a series of amendments to the MOA, the Union and the County repeatedly agreed to extend the date on which the Union could refile its petition.

After the Union refiled the petition, a local governmental financial emergency was declared to exist in the County. The County entered into a consent agreement with the state to

---

[1] *AFSCME Council 25 Local 3317 v Charter Co of Wayne*, unpublished order of the Court of Appeals, entered January 24, 2017 (Docket No. 334638).

-1-

address the financial crisis. Beginning 30 days after the effective date of the consent agreement, the County was no longer under a duty to engage in collective bargaining, and the Wayne County Executive assumed certain powers prescribed for emergency managers under the Local Financial Stability and Choice Act, 2012 PA 436, MCL 141.1541 *et seq*. (Act 436). In exercising these powers, the Wayne County Executive decided not to participate in Act 312 arbitration in this matter. After the County moved in the MERC to dismiss the Act 312 proceedings, the Union commenced the present action in circuit court for breach of contract, alleging that the MOA and its amendments comprised a written contract requiring the County to participate in Act 312 arbitration.[2] The MERC dismissed the Act 312 proceedings. The Union filed a petition in this Court to review the MERC decision, but the Union subsequently moved to withdraw its appeal, and this Court, therefore, dismissed the appeal. *Wayne Co v AFSCME Local 3317*, unpublished order of the Court of Appeals, entered February 8, 2016 (Docket No. 329998). The circuit court later dismissed the instant action, concluding, in relevant part, that the doctrine of res judicata barred the Union's breach of contract claim given the MERC's dismissal of the Act 312 proceedings. This appeal ensued.

## II. ANALYSIS

An appellate court should, "on its own motion, decline to consider cases that it does not have the power to determine, including those that are moot." *In re MCI Telecom Complaint*, 460 Mich 396, 434-435 n 13; 596 NW2d 164 (1999). Whether a case is moot constitutes a threshold issue that a court should address before reaching the substantive issues of the case. *Id*.

> It is well established that a court will not decide moot issues. This is because it is the principal duty of this Court to decide actual cases and controversies. That is, the judicial power is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction. As a result, this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before it. Although an issue is moot, however, it is nevertheless justiciable if the issue is one of public significance that is likely to recur, yet evade judicial review. It is universally understood that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. Accordingly, a case is moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights. [*People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010), reh gtd in part on other grounds 486 Mich 1041 (2010), amended by 784 NW2d 204 (Mich, 2010) (quotation marks, brackets, ellipses, and citations omitted).]

See also *Garrett v Washington*, 314 Mich App 436, 450; 886 NW2d 762 (2016). ("On appeal, the litigant must demonstrate that he or she is affected by the decision of the trial court. An issue

---

[2] The Union also alleged a count seeking a writ of mandamus, but that count is not at issue in this appeal.

becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy.") (quotation marks and citation omitted); *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) ("As a general rule, an appellate court will not decide moot issues. A case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights. An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief.") (citations omitted).

The Union challenges the circuit court's grant of summary disposition to defendants, a decision based on the ground that the doctrine of res judicata precludes the Union's breach of contract claim. In its breach of contract claim, the Union alleged that the MOA and its amendments comprised a written contract requiring the County to participate in the Act 312 arbitration process. Therefore, the Union essentially asks that this Court reinstate the breach of contract claim in which the Union is seeking to enforce a contract requiring the County to participate in the Act 312 arbitration process. For the reasons explained below, however, even if the County did make a contractual promise to participate in Act 312 proceedings, it is impossible to enforce any such promise because the MERC has dismissed the Act 312 proceedings and the Union has voluntarily withdrawn its appeal of the MERC decision.

An Act 312 arbitration proceeding occurs under the auspices of the MERC. See *Jackson Fire Fighters Ass'n v City of Jackson (On Remand)*, 227 Mich App 520, 525; 575 NW2d 823 (1998). Here, following the reinstatement of the Union's petition for Act 312 arbitration proceedings in accordance with the MOA, the MERC dismissed the Act 312 proceedings. The Union filed a petition in this Court to review the MERC decision.[3] But the Union later moved to withdraw its appeal, which this Court then dismissed. *Wayne Co v AFSCME Local 3317*, unpublished order of the Court of Appeals, entered February 8, 2016 (Docket No. 329998). By voluntarily withdrawing its appeal of the MERC decision, the Union waived its right to challenge that decision, thereby foreclosing any review of the MERC decision. See *Monat v State Farm Ins Co*, 469 Mich 679, 685; 677 NW2d 843 (2004) (a party who voluntarily surrenders the opportunity for appellate review to which the party was entitled has thereby waived any appeal); *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 374; 666 NW2d 251 (2003) ("[A] waiver is a voluntary and intentional abandonment of a known right."); *Cadle Co v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009) (noting that "waiver eliminates any error"). Therefore, even if the parties had a written contract requiring the County to participate in the Act 312 arbitration proceedings, those proceedings have now been dismissed by the MERC, and the Union has waived any challenge to the MERC's decision. It is impossible for this Court or the circuit court to order defendants to participate in nonexistent proceedings.[4]

---

[3] A MERC decision is subject to appeal directly to this Court. See MCL 423.216(e).

[4] Although the Union's complaint asserts that it will suffer damages as a result of the alleged breach of contract, the complaint does not request a damages award; it appears the complaint only requests injunctive relief. In any event, the Union's waiver of its appeal of the MERC decision is partly responsible for the unavailability of any Act 312 proceedings in which the

Also, to the extent that the Union is asking in this action for the reinstatement of the Act 312 proceedings, the Union is mounting an improper collateral attack on the MERC's dismissal of those proceedings. See *Workers' Compensation Agency Dir v MacDonald's Indus Prod, Inc (On Reconsideration)*, 305 Mich App 460, 478; 853 NW2d 467 (2014) (holding that an administrative agency's erroneous decision was not subject to collateral attack where the agency had subject-matter jurisdiction).

Consequently, the issue on appeal is moot because it is impossible for this Court or the circuit court to fashion a remedy or to grant relief to the Union. This case does not fall within the exception to the mootness doctrine for issues of public significance that are likely to recur yet evade judicial review. Even if the issue could be deemed publicly significant, the Union has identified no reason to conclude that the issue is likely to recur but evade judicial review. The issue is moot in this case because the MERC dismissed the Act 312 arbitration proceedings and the Union then withdrew its appeal of the MERC decision. Hence, the evasion of review here is due in part to the Union's own unexplained choice to withdraw its appeal of the MERC decision.

Accordingly, we dismiss the present appeal because the issue raised by the Union on appeal is moot. See *B P 7*, 231 Mich App at 360 (dismissing the appeal as moot). We therefore do not address the substantive issue raised on appeal.

Dismissed as moot. No costs to either side.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

parties could participate. The Union fails to explain how it could be entitled to damages or any other remedy for an alleged breach of a contract to participate in Act 312 arbitration proceedings where the Union itself has waived direct review of the dismissal of those very proceedings. The Union cannot leave it to this Court to make an argument for the Union. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).